

(USAO GAN 6/10) Search Warrant

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 01 2018

JAMES N. HATTEN, Clerk
By: DRG                Deputy Clerk

## United States District Court
### NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

materials seized from Printer & Parts Warehouse located at 3270 Summit Ridge Parkway #110, Duluth, GA 30096, and that are currently located at Georgia Department of Revenue's headquarters at 1800 Century Blvd NE, Atlanta, GA 30345.

**SEARCH WARRANT**
Case number: 1:18-MC-0135
**UNDER SEAL**

TO: Special Agent Larry Arrow, and any Authorized Officer of the United States

Affidavit(s) having been made before me by Larry Arrow who has reason to believe that on the property described as:

### See Attachment A

in the Northern District of Georgia there is now concealed certain property and certain data, namely,

### See Attachment B,

which constitutes evidence of a crime, contraband, fruits of crime, or items illegally possessed, and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 26, United States Code, Section(s) 7201, 7203, and Title 18 United States Code, Section 371, I find that the affidavit(s) establishes probable cause to search for and seize the certain property and certain data from the property described above.

YOU ARE HEREBY COMMANDED to execute this warrant on or before __Feb. 14, 2018__ (not to exceed 14 days). You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a copy of the warrant and receipt at the place where the property was taken. The officer executing the warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Catherine M. Salinas.

February 1, 2018 at __10:47 a.m.__    at __Atlanta, Georgia__
Date and Time Issued                        City and States

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer
AUSA Thomas J. Krepp

**EXHIBIT C**
**p. 1 of 7**

## ATTACHMENT A
### DESCRIPTION OF THE PREMISES

The property to be searched are materials seized from Printer & Parts Warehouse located at 3270 Summit Ridge Parkway #110, Duluth, GA 30096, and that are currently located at Georgia Department of Revenue's headquarters at 1800 Century Blvd NE, Atlanta, GA 30345.

1800 Century Blvd NE, Atlanta, GA 30345is an 18-floor commercial building that houses Georgia Department of Revenue and its several business units:



EXHIBIT C
p. 2 of 7

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

1. For the period January 1, 2008, through the present, all paper and electronic files of "Chrisley and Company," "Chrisley Asset Management," "7C's Productions," Michael Todd Chrisley, and Julie Chrisley, and any other businesses, nominees and associates that may contain evidence, instrumentalities, fruits and contraband concerning violations of Title 26, United States Code, Sections 7201 and 7203, and Title 18, United States Code, Section 371, as follows:

   a. Financial records, including receipts, checks, bank and savings and loan records of deposit, withdrawal and wire transfer, statements and other bank records, letters of credit, credit card statements, money orders, cashier's checks, passbooks, cancelled checks, certificates of deposit, loan records, customer account information, income and expense summaries, cash disbursement journals, financial statements, and state and federal individual and corporate tax returns.

   b. Records reflecting business operations, including business incorporation documents, employment records, paychecks, and work schedules.

   c. Records relating to co schemers, including correspondence, notes, ledgers, appointment calendars, lists, address books, digital contact lists, diaries, photographs, and videos.

EXHIBIT C
p. 3 of 7

d. All contracts, sales agreements, purchase agreements, lease agreements and financing applications/agreements. Invoices, bills and receipts for the sale or purchase of motor vehicles or vessels. Real estate purchase records, sale records and mortgage documentation to include security deeds, warranty deeds, and settlement documents.

e. All records pertaining to personal expenses to include vacations, entertainment, and dining.

f. Credit cards, debit cards, prepaid debit cards, driver's licenses, passports, and other identification documents.

g. Safe deposit box lease agreements and safe deposit box keys.

h. Safes, locked containers and shipping containers and storage containers within the premise including anywhere on the property, including opening and seizing the contents.

i. Documents in any format or medium that concern any accounts with an Internet Service Provider.

j. Documents in any format or medium that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

EXHIBIT C
p. 4 of 7

    k. Items reflecting the use of file-sharing technology (not to include contents of files shared that are not otherwise within the scope of this attachment).

    l. Documents concerning ownership or use of computer equipment found in the Subject Items, such as sales receipts, bills for Internet access, and handwritten notes.

    m. Any currency – foreign or domestic - as well as any and all records relating to transactions conducted in currency and currency equivalents including, but not limited to cashier's checks, traveler's checks, money orders, and bank drafts, stocks or bonds.

2. Computers or storage media used as a means to commit the violations described above, including Title 26, United States Code, Sections 7201 and 7203, and Title 18, United States Code, Section 371.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

EXHIBIT C
p. 5 of 7

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

EXHIBIT C
p. 6 of 7

    l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    m. contextual information necessary to understand the evidence described in this attachment.

    4. Routers, modems, and network equipment used to connect computers to the Internet.

As used above and in my affidavit, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

EXHIBIT C
p. 7 of 7