Case 1:19-cr-00297-ELR-JSA   Document 48-13   Filed 02/21/20   Page 1 of 4

# Exhibit M



**DEPARTMENT OF THE TREASURY**
**Internal Revenue Service**
**Criminal Investigation**

# Memorandum of Conversation

| | | | |
|---|---|---|---|
| **Investigation #:** | 1000285016 | **Location:** | Georgia Department of Revenue |
| **Investigation Name:** | MICHAEL TODD CHRISLEY | | 1800 Century Blvd NE Atlanta, GA 30345 |
| **Date:** | January 4, 2018 | | |
| **Time:** | Approx. 2pm – 330pm | | |
| **Participant(s):** | Larry K. Arrow, Special Agent, IRS-CI | | |
| | Stephen Ryskoski, Special Agent, FBI | | |
| | Thomas Krepp, Assistant United States Attorney | | |
| | Merrill Jacobson, Attorney-Compliance Division, Georgia Department of Revenue | | |
| | Kathleen "Katie" Colvin, Financial Examiner-Compliance Division, Georgia Department of Revenue | | |
| | Chester Cook, Audit Director, Georgia Department of Revenue | | |
| | Susan Rutherford, Senior Assistant Attorney General, Georgia Office of the Attorney General | | |
| | Scott Purvis, Compliance Director, Georgia Department of Revenue | | |
| | Amy C. Casey, Staff Attorney-Legal Affairs & Tax Policy, Georgia Department of Revenue | | |
| | Joshua Waites, Director-Office of Special Investigations, Georgia Department of Revenue | | |

On the above date and time, Special Agent Larry K. Arrow (SA Arrow) with the Internal Revenue Service – Criminal Investigation (IRS-CI), Special Agent Stephen Ryskoski (SA Ryskoski) with the Federal Bureau of Investigation (FBI), and Assistant United States Attorney Thomas Krepp (AUSA Krepp) met with the representatives indicated above from the Georgia Department of Revenue (DOR) and Georgia Office of the Attorney General (hereinafter collectively referred to as "representatives"). Per Merrill Jacobson's request, AUSA Krepp handed over grand jury subpoenas requesting documents pertaining to the case against MICHAEL TODD CHRISLEY (CHRISLEY) from DOR for the review of the legal representatives in attendance. AUSA Krepp asked the representatives to discuss how the case against CHRISLEY originated with DOR, what legal actions were taken, and the results of those actions particularly if there were any records seized. In order to avoid any legal conflicts, AUSA Krepp advised the representatives that he does not need them to go into details of the contents of any seized record if providing such information is not legally permissible at the moment. The following pertinent information was gathered during the meeting:

1. The case on CHRISLEY originated with DOR when an informant brought it to their attention that CHRISLEY was falsely claiming residency in Florida to avoid paying Georgia state income tax. Upon the initial review of their records, DOR

determined that CHRISLEY was in violation of Georgia income tax laws for several tax years which included tax years 2009 through about 2013.

2. In July 2017, DOR did a jeopardy assessment against CHRISLEY to determine the estimated state income tax owed by him. Upon determining the estimated tax due amount, DOR then issued a lien along with a levy form to collect the tax due from CHRISLEY in July 2017. Part of the levy allows DOR to seize assets of value from CHRISLEY in order to pay the tax due. Josh Waites (indicated above) was tasked with driving to Nashville, TN to serve CHRISLEY with a notice of DOR's action.

3. CHRISLEY's attorney is not challenging DOR's position that CHRISLEY had residency in Georgia for tax year 2009 but claimed that he relied on the advice of his Accountant for that tax year. However, CHRISLEY's attorney is challenging DOR's notice and the case is currently with the Georgia Tax Tribunal (GTT).

4. In or around the same period that the lien was being issued by DOR, it was discovered that CHRISLEY was planning an auction to sell his belongings in Georgia as he finalizes his move out of the state. Some of the belongings include luxurious items, personal effects, and documents. CHRISLEY had all his belongings stored at a 10,000 square feet storage facility rented from a printing business located on an industrial road in Suwanee (GA).

5. Katie Colvin (indicated above) is the Financial Examiner on the CHRISLEY case with DOR. She presented the levy documentation issued by DOR to someone at CHRISLEY's storage facility in Suwanee which enabled DOR to seize all of CHRISLEY's belongings before they could be auctioned.

6. The seized items were transported to two (2) DOR locations: their main office indicated above and DOR's storage facility located at 4125 Welcome All Road, Atlanta, GA 30349. The seized items transported to DOR's main office were mostly financial records to include, but not limited to, boxes of the following types of financial records:
    - Bank records; mortgage documents; personal and business checkbooks; ledger books; receipt books; insurance records; records showing CHRISLEY's and his wife's (Julie) income; correspondence between CHRISLEY and his Accountant covering tax years 2006 through about 2013; and individual and business tax records.

Other items seized which are located at DOR's storage facility at Welcome All Road include, but not limited to, the following:
    - Older versions of iPhones (can't turn on); electronic devices to include 2 laptops; CDs containing financial documents and personal photos; furniture; one CD containing contracts relating to TV shows; flip camera; and a recording device.

7. Katie Colvin (Colvin) served bank subpoenas on several banks (Chase, Bank of America, etc.) for records covering the years 2008 through about 2017. Upon reviewing the bank records, Colvin noticed that paychecks received by the Chrisleys (7 family members) including CHRISLEY, Julie Chrisley (wife), Chase Chrisley (son), Savannah Chrisley (daughter), Grayson Chrisley (son), Lindsie Chrisley (daughter), and Elizabeth Faye Chrisley (CHRISLEY's mother) were being sent to a business account with Bank of America in the name of 7Cs Productions, Inc. (sometimes referred to as 7Cs Productions, LLC). According to Georgia Secretary of State, the registered agent for this entity was Julie Chrisley[1].

8. From reviewing the bank records, Colvin noticed that either CHRISLEY or his wife would write out checks from the 7Cs Productions account to pay their dependents and then take out commissions for each payment made out to their dependents.

9. According to Colvin, per the bank records she reviewed, CHRISLEY and his wife each made approximately $34,000 - $36,000 per episode; Savannah and Chase Chrisley each made approximately $7,000 - $11,000 per episode; Grayson, Lindsie, and Elizabeth Faye Chrisley each made approximately $2,000 - $3,000 per episode. There were also bonuses paid out for show renewals[2]. CHRISLEY also had product endorsement payments through clicks on Instagram and Facebook.

AUSA Krepp as well as SAs Arrow and Ryskoski thanked the representatives for their time and concluded the meeting.

I prepared this memorandum on January 5, 2018, after refreshing my memory from notes made during and immediately after the meeting at Georgia Department of Revenue.

*Larry Arrow*

Larry K. Arrow
Special Agent

---

[1] According to Georgia Secretary of State's record, 7Cs Productions, Inc. dissolved on December 7, 2016. Per State of Tennessee's Department of State – Division of Business Services, 7Cs Productions, Inc. was registered with the State on January 13, 2016. The registered agent on record with the State of Tennessee is Elizabeth Faye Chrisley (Michael Todd Chrisley's mother).

[2] Season 1 of Chrisley Knows Best had 8 episodes; Season 2 had 12 episodes; Season 3 had 19 episodes; Seasons 4 and 5 each had 26 episodes.