IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL CASE FILE NO. |
| | ) |
| | ) 1:19-CR-297-ELR-JSA |
| MICHAEL TODD CHRISLEY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NON-PARTY GEORGIA DEPARTMENT OF REVENUE'S BRIEF IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA**

Christopher M. Carr, Attorney General for the State of Georgia (the "Attorney General"), makes this appearance on behalf of non-party Georgia Department of Revenue, without consenting to the jurisdiction of this Court, for the purpose of filing the instant Motion to Quash or Modify Subpoena to Non-Party Georgia Department of Revenue ("Department") made pursuant to Fed. R. Crim. P. 17(c)(2). The Department moves to quash or modify the subpoena served on it by Defendants for the production of documents. See Exhibit A.

## BACKGROUND

Defendants in this case are under indictment for several federal crimes and a suppression hearing is currently scheduled for April 14 and 15, 2021. On or about February 23, 2021, Defendants served the Department with information requests

under the Georgia Open Records Act seeking "[a]ll forms, documents, logs, and/or communications regarding any [Department] criminal investigation into Michael Todd Chrisley, Julie H. Chrisley, Chase Chrisley, Savannah Chrisley, and/or any entity owned or operated by the Chrisleys." See Exhibit B.[1]  The requests contain eight subparts including provisions such as "[t]his production should include all documents whatsoever related to any [Department] criminal investigations regarding the Chrisleys or any entities they own." Id.  A few days later, Defendants also served the Department with the same requests via a federal subpoena.  See Exhibit A.  On March 26, 2021, the Department responded to Defendants' Open Records Act requests and produced several documents.  See Exhibit C.  However, the Department also redacted and withheld certain documents due to attorney-client and attorney work product privileges, state tax information and financial information of other individuals, and a pending investigation exemption due to an investigation of the Georgia Inspector General's Office.  See Exhibit C.  After the Department's production on March 26, 2021, the Department inquired of Defendants' counsel whether the production was sufficient for the federal subpoena, but the Department did not receive a response.  Accordingly, the Department files the instant motion to

---

[1] Defendants have already served dozens of Open Records Requests on the Department over the past year and have received thousands of documents in response.  See Exhibit C.

2

preserve its rights under federal law.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     The Non-Party Subpoena To The Department Should Be Quashed Or Modified Because It Seeks Privileged And Confidential Information Protected By State Statute.**

Federal Rule of Criminal Procedure 17(c) governs subpoenas for the production of documents.  Rule 17(c) is not a discovery tool, but offers compulsory process for securing specific, identifiable evidence for trial.  See United States v. King, 164 F.R.D. 542 (D. Kan. 1996).  Generally, to obtain a subpoena, the party must establish: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  United States v. Nixon, 418 U.S. 683, 699-700 (1974).  Accordingly, "[t]o meet the requirement for issuing a Rule 17(c) subpoena, the requesting party must demonstrate that the materials sought are (1) relevant; (2) admissible; and (3) specific."  United States v. Dupree, 2011 U.S. Dist. LEXIS 55159 at *3 (E.D.N.Y. 2011) (citing Nixon, 418 U.S. at 700).

Under Rule 17(c)(2), a non-party that is served with a subpoena for production

3

of documents may move the Court to "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).  A subpoena may be "unreasonable or oppressive" if it is "abusive or harassing," "gravely" intrusive, "overly vague," or "excessively broad," or it seeks information that is irrelevant or privileged.  In re Grand Jury, 478 F.3d 581, 585 (4th Cir. 2007); United States v. Pinson, 2020 U.S. Dist. LEXIS 94534 at *3 (S.D.W.Va. 2020) (citation omitted); United States v. Shanahan, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("A court may quash or modify a subpoena for the production of documents, if producing the documents would be unreasonable or oppressive, or if the subpoena calls for privileged matter.").  Privileged material includes attorney-client privileged material and material protected by the work product privilege.  See, e.g., United States v. Torf (In re Grand Jury Subpoena), 350 F.3d 1010 (9th Cir. 2003) (finding that grand jury subpoena for environmental consultant's records should have been quashed because work product doctrine protected records, which had been created at attorney's direction in preparation for litigation with government).

Further, confidential records like business secrets are also protected and a subpoena may be quashed or modified on this basis.  See, e.g., United States v. Serta Associates, Inc., 29 F.R.D. 136 (N.D. Ill. 1961) (competitor's motion to quash subpoena from defendant on ground that document sought contained information of

4

confidential data and business secrets may be granted where court is reluctant to force nonparty competitor to divulge confidential information). Importantly, state tax information also enjoys a qualified privilege under Fed. R. Evid. 501 and is not subject to disclosure unless the *government* (not a criminal defendant) meets a three part test. See In re Hampers, 651 F.2d 19 (1st Cir. 1981) ("We therefore hold that [the state] in this case enjoys a qualified privilege under Rule 501 because of the state [tax] nondisclosure statute and that, in order to enforce a subpoena . . . , a federal grand jury must [1] proffer reasonable cause to believe that a federal crime has been committed, [2] that the information sought will be probative of a matter at issue . . . , and that [3] the same information or equally probative information cannot be obtained elsewhere through reasonable efforts.").

Here, Defendants broadly seek "[a]ll forms, documents, logs, and/or communications regarding any [Department] criminal investigation into Michael Todd Chrisley, Julie H. Chrisley, Chase Chrisley, Savannah Chrisley, and/or any entity owned or operated by the Chrisleys." See Exhibit A. Such information may be contained in documents referencing other unrelated taxpayers, contain attorney-client privileged information, and/or contain sensitive information like social security numbers, financial information, and identities of other individuals not related to the Chrisleys or their entities.

5

First, tax information of other taxpayers is confidential and protected under federal law pursuant to 26 U.S.C. § 6103 and Georgia law pursuant to O.C.G.A. §§ 48-2-15 and 48-7-60 which mirrors federal law.  See 26 U.S.C. § 6103; Bowers v. Shelton, 265 Ga. 247 (1995) (recognizing that Georgia's tax confidentiality statutes mirror federal law).  Notably, Defendants are not the government and cannot avail themselves of the disclosure test set forth in In re Hampers, 651 F.2d 19 (1st Cir. 1981).  Accordingly, tax information of other taxpayers cannot be disclosed.

Second, personal information such as social security numbers and financial information of other individuals unrelated to Defendants is also not subject to disclosure under Georgia law.  See O.C.G.A. § 50-18-72(a)(20), (a)(21).  Therefore, the Department cannot produce this information.

Third, like federal law, Georgia law also recognizes the attorney-client privilege and attorney work product privileges and any such documents containing privileged information should not be disclosed.  See O.C.G.A. § 50-18-72(a)(41), (a)(42); see also In re Grand Jury, 478 F.3d 581, 585 (4th Cir. 2007); United States v. Torf (In re Grand Jury Subpoena), 350 F.3d 1010 (9th Cir. 2003).

Finally, because there is a pending investigation by the Georgia Inspector General's Office of the Department, any communications between the Department and the Inspector General's Office cannot be disclosed.  O.C.G.A. § 50-18-72(a)(4).

Accordingly, such information should not be produced in this case and the subpoena should be quashed or modified on these bases.

## II. Defendants Have Already Obtained The Information Subpoenaed By Other Means.

Defendants' subpoena should also be quashed because the documents sought were otherwise procured reasonably in advance of trial. United States v. Nixon, 418 U.S. 683, 699-700 (1974). Defendants have made dozens of Open Records Act requests to the Department over more than a year and have received thousands of documents in response. See Exhibit C. The Department has already responded to the Defendants' last Open Records Act requests on March 26, 2021 which is identical to the instant federal subpoena. Id. Therefore, because Defendants could have, and indeed, already have, obtained the information they seek via other methods, the instant subpoena should be quashed.

## III. Conclusion

For all the reasons set forth above, the Department respectfully submits that the instant subpoena should be quashed or modified.

Respectfully submitted this 5th day of April, 2021.

                                   CHRISTOPHER M. CARR    112505
                                   Attorney General

                                   JULIE ADAMS JACOBS     003595
                                   Deputy Attorney General

                                   */s/ Alex F. Sponseller*_____
                                   ALEX F. SPONSELLER     672848
                                   Senior Assistant Attorney General

                                   40 Capitol Square, S.W.
                                   Atlanta, Georgia 30334-1300
                                   Telephone:  (404) 458-3436
                                   Facsimile: (404) 404-656-2283
                                   Email: asponseller@law.ga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> v. ) <br> ) <br> MICHAEL TODD CHRISLEY, et al. ) <br> ) <br> **Defendants.** ) <br> ) | **CRIMINAL CASE FILE NO.** <br><br> **1:19-CR-297-ELR-JSA** |

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned counsel certifies that the foregoing **NON-PARTY GEORGIA DEPARTMENT OF REVENUE'S BRIEF IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. The undersigned counsel further certifies that a copy of this document has been filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification to Plaintiffs' and Defendant's counsel of record. The undersigned counsel further certifies that he has served the foregoing on counsel by United States Mail, Postage Prepaid addressed to the following:

9

        Bruce H. Morris, Esq.
        Finestone, Morris & White, LLP
        3340 Peachtree Road, N.E.
        Tower Place, Suite 2540
        Atlanta, Georgia 30326
        bmorris@fmattorneys.com

        Stephen M. Friedberg, Esq.
        945 East Paces Ferry Road
        Suite 2250
        Atlanta, Georgia 30326
        steve@smflawdawg.com

        Thomas Krepp, Esq.
        Annalise Peters, Esq.
        Office of U.S. Attorney
        75 Ted Turner Drive, NW
        Atlanta, Georgia 30303
        Thomas.Krepp@usdoj.gov
        Annalise.Peters@usdoj.gov


This 5th day of April, 2021.

        */s/ Alex F. Sponseller*
        Alex F. Sponseller
        Georgia Bar Number 672848