# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| TODD CHRISLEY, | *   1:19-CR-00297-ELR-JSA |
| JULIE CHRISLEY, and | * |
| PETER TARANTINO, | * |
| | * |
| Defendants. | * |
| | * |

_____

# O R D E R
_____

This matter is before the Court for consideration of three (3) separate Reports and Recommendations (hereinafter, "R&Rs"), as well as an August 31, 2021 "Order on Defendants' Motions for Bills of Particulars" (hereinafter, the "Order on Bills of Particulars"), all of which were issued by Magistrate Judge Justin S. Anand. [See Docs. 101, 103, 105, 107]. The Government and Defendants Todd Chrisley, Julie Chrisley, and Peter Tarantino have filed various objections to the R&Rs and Order on Bills of Particulars, which the Court considers below. [See Docs. 115, 116, 118, 119]. Additionally, the Court herein addresses Magistrate Judge Anand's August 30, 2021 Order (hereinafter, the "Surplusage Order"), which deferred ruling on Defendant Tarantino's "Motion to Strike Surplusage" until trial. [See Docs. 37, 102]. Finally, the Court considers the "Motion to Quash or Modify Subpoena" filed

by the Attorney General for the State of Georgia on behalf of non-party the Georgia Department of Revenue. [See Doc. 84]. The Court sets out its reasoning and conclusions below.

## I.   The Magistrate Judge's R&Rs

As noted above, the Magistrate Judge issued three (3) R&Rs in the instant matter, to which the Parties have filed various objections. [See Docs. 103, 105, 107, 116, 118]. After setting forth the relevant standard of review, the Court addresses each R&R (and any objections thereto) in turn.

### A.   Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C). The Court reviews portions of the R&R to which no objections have been made for clear error. See Thomas v. Arn, 474 U.S. 140, 154 (1985); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." See U.S. v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections made to the proposed factual findings of the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. See Garvey v. Vaughn, 993

F.2d 776, 779 n.9 (11th Cir. 1993); see also FED. R. CRIM. P. 59(b)(2) ("a party may serve and file specific written objections to the proposed findings and recommendations" of the Magistrate Judge within fourteen (14) days, but a party's "[f]ailure to object in accordance with this rule waives [the] party's right to review").

However, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also FED. R. CRIM. P. 59(b)(3). In accordance with 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59, the Court has conducted a *de novo* review of those portions of the R&R to which the Parties object. See U.S. v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**B.   Discussion**

Having set forth the relevant legal standard, the Court now turns to its discussion of the Magistrate Judge's three (3) R&Rs and any objections to them. [See Docs. 103, 105, 107, 116, 118].

1.   R&R on Defendant Tarantino's "Motion to Sever"

In the first R&R, dated August 31, 2021, the Magistrate Judge recommends that the undersigned grant Defendant Tarantino's "Motion to Sever." [See Docs. 38; 103 at 1, 7]. The Government timely filed objections, to which Defendant Tarantino (through his counsel) responded. [Docs. 118, 122].

3

After properly setting forth the standard for when a severance is appropriate pursuant to Federal Rule of Criminal Procedure 14, the Magistrate Judge cites the risk of prejudice to Defendant Tarantino as the primary reason supporting severance based on an email composed by one of Defendant Tarantino's co-Defendants. [See Doc. 103 at 4]. The email references a desire to engage a "crooked accountant," which—according to the Magistrate Judge—jurors may wrongly believe is Defendant Tarantino, or alternatively, that Defendant Tarantino was hired because he fit that criteria. [See id. at 4–5]. The Magistrate Judge also mentions that the "overall disparity of the evidence" against each of the three (3) Defendants is at least relevant to, if not the specific basis for, his recommendation for severance, especially since Defendant Tarantino is alleged to have been involved in only one of his co-Defendants' three (3) purported fraud schemes. [See id. at 5–6].

Although the Court acknowledges the Magistrate Judge's concerns, these concerns are not unique to conspiracy cases such as the matter at bar. It is often true that not all alleged coconspirators are charged with committing the same acts or being involved in the exact same aspects of an alleged conspiracy. However, this does not change the general rule that "defendants who are indicted together are usually tried together[,]" especially in conspiracy cases. See U.S. v. Mosquera, 886 F.3d 1032, 1041 (11th Cir 2018) (quoting U.S. v. Lopez, 649 F.3d 1222, 1235–36 (11th Cir. 2011)) (internal quotation marks omitted). Having considered the

4

concerns presented in this particular case, the undersigned finds that they may be addressed with proper limiting instructions that make clear to jurors which evidence applies to each Defendant.  See id.; see also Zafiro v. U.S., 506 U.S. 534, 539 (1993) (noting that limiting instructions will often cure any potential prejudice resulting from a joint trial).  In other words, Court finds that the jury will capable of "sift[ing] through the evidence [to] make an individualized determination as to each defendant."[1]  See U.S. v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998).

Thus, after conducting a *de novo* review, the undersigned sustains the Government's objections to the Magistrate Judge's recommendation to grant Defendant Tarantino's "Motion to Sever."  [See Docs. 38, 118, 103].  For the aforementioned reasons, the Court rejects the R&R and denies Defendant Tarantino's "Motion to Sever."  [See Docs. 38, 103].

> 2. R&R on Defendants Todd Chrisley and Julie Chrisley's "Motion to Suppress Evidence Seized Pursuant to the Search Warrants for Emails and Electronically Stored Information"

Next, the Court addresses the Magistrate Judge's second R&R, by which the Magistrate Judge recommends that the undersigned deny Defendants Todd Chrisley and Julie Chrisley's (together, the "Chrisley Defendants") "Motion to Suppress Evidence Seized Pursuant to the Search Warrants for Emails and Electronically

---

[1] Although other possibilities include redaction of certain documentary evidence, and exclusion of certain testimony, the Court will address those arguments if raised in motions *in limine*, which are not due to be filed until March 1, 2022.

5

Stored Information." [See Docs. 52; 105 at 1, 22]. The Chrisley Defendants timely filed objections to the R&R, to which the Government did not respond. [Doc. 116].

In their underlying motion, the Chrisley Defendants move the Court to suppress various electronic evidence seized pursuant to three (3) search warrants. [See generally Doc. 52]. As the R&R observes, the Chrisley Defendants argue that the warrants were not sufficiently particularized, the Government exceeded the scope of the warrants, and acted unreasonably in their execution. [See Doc. 105 at 4–20]. The Magistrate Judge found that the language in the warrants, while somewhat broad in defining the categories of documents authorized to be seized, was sufficiently particularized, especially considering the broad and complicated nature of the evidence relevant to this case. [See id. at 9].

Further, the Magistrate Judge found that the two (2)-step process, which directed the email providers to initially produce the entire contents of the subject accounts for the Government's review, was expressly authorized by the warrants themselves, although the Government could have included more restrictions throughout the warrant application attachments regarding a date range and names of specific persons for the intended evidence. [See id. at 10–12]. According to the Magistrate Judge, however, these issues did not deprive the warrant of its facial validity. [See id. at 13]. More notably, the Chrisley Defendants have not alleged

that any emails are due to be suppressed for falling outside of these suggested restrictions. [See id. at 15].

The R&R also notes the Chrisley Defendants' assertion that a team of investigators separate from those on the trial team should have been used to review the contents of the seized documents. [See id. at 16]. As Defendants acknowledge, however, no existing Eleventh Circuit precedent requires this type of proposed "filter procedure." [See id. at 19]. Finally, the Magistrate Judge determined that it is not unreasonable for the Government to maintain the original data from the search and seizure pending trial, as opposed to returning the data to the Chrisley Defendants prior to trial. [See id. at 21–22].

Upon *de novo* review, the undersigned overrules the Chrisley Defendants' objections to the Magistrate Judge's above recommendations. [See Docs. 105, 116]. Rather, the undersigned agrees with the Magistrate Judge's factual and legal conclusions, and therefore, adopts the R&R and denies the Chrisley Defendants' "Motion to Suppress Evidence Seized Pursuant to the Search Warrants for Emails and Electronically Stored Information." [See Docs. 52, 105].

> 3.  R&R on Defendants Todd Chrisley and Julie Chrisley's Motions to Suppress Evidence from Warrantless Searches

The Magistrate Judge issued a third R&R, which concerns the Chrisley Defendants' "Motion[s] to Suppress Evidence Seized Pursuant to Search Warrants Executed at 4125 Welcome All Road and 1800 Century Boulevard NE." [See Docs.

7

36, 41, 107]. In the R&R, the Magistrate Judge recommends granting the Chrisley Defendants' motions to suppress evidence originally seized from a warehouse by the Georgia Department of Revenue and later provided to federal agents through a federal search warrant. [See Doc. 107 at 1]. The Government filed no objections to this R&R, expressly stating: "[t]he United States accepts [this] Report and Recommendation and has declined to file objections to it." [See Doc. 118 at 4–5 n.3]. Since no objections to the Magistrate Judge's R&R have been filed, the Court has reviewed this R&R for plain error and finds none. See Slay, 714 F.2d at 1095; [see also Doc. 107]. Thus, the Court adopts the Magistrate Judge's recommendation to grant the Chrisley Defendants' "Motion[s] to Suppress Evidence Seized Pursuant to Search Warrants Executed at 4125 Welcome All Road and 1800 Century Boulevard NE." [See Docs. 36, 41, 107].

## II.   Order on Defendants' Motions for Bills of Particulars

As referenced above, each Defendant in this matter filed a Motion for a Bill of Particulars, by which they argued "the Indictment does not provide sufficient detail as to the nature of the scheme, their false statements or other actions, and other information necessary for them to prepare for trial." [See Docs. 35; 39; 40; 101 at 1]. On August 31, 2021, the Magistrate Judge issued an Order denying each Defendant's motion. [See Doc. 101]. Subsequently, the Chrisley Defendants filed objections to the Magistrate Judge's Order on Bills of Particulars on October 13,

8

2021, and Defendant Tarantino filed his own objections on October 14, 2021. [See Docs. 115, 119]. The Court sets forth the relevant standard of review before addressing the Defendants' objections.

### A. Standard of Review

When the Magistrate Judge rules on a non-dispositive claim or defense, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See FED. R. CRIM. P. 59(a); see also 28 U.S.C. § 636(b)(1) ("a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard"). A Magistrate Judge's ruling on a motion for a bill of particulars is non-dispositive because it does not dispose of a charge or defense. See U.S. v. Balotin, 3:19-CR-191-J-34JBT, 2021 WL 141487, at *2 (M.D. Fla. Jan. 15, 2021); see also U.S. v. Propps, No. 4:18-CR-00003, 2019 WL 668465, at *2 (N.D. Ga. Feb. 19, 2019).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal quotations and citations omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Balotin, 2021 WL 141487, at *2.

**B.     Discussion**

Having set forth the relevant standard of review, the Court now turns to the Magistrate Judge's Order on Bills of Particulars and Defendants' objections thereto. [See Docs. 101, 115, 119].

In the Order on Bills of Particulars, the Magistrate Judge found that Defendants' motions were due to be denied because the Indictment "identifies in detail particular statements and falsified documents and explains why those statements were false" and further, the Government's response to Defendants' motions "explained in great detail the nature of the evidence and discovery provided, including a substantial amount of witness statements that are arguably not required in discovery at this juncture." [See Doc. 101 at 7–8]. Thus, the Magistrate Judge found that "the Indictment itself, especially as amplified by this substantial discovery production, well advises the Defendants as to the identity and nature of the false statements and other fraudulent actions that are referred to in the Indictment." [See id. at 8].

As a preliminary matter, the Court observes that the Government agreed to provide documents to the Chrisley Defendants in response to six (6) of the nine (9) requests they made in their underlying motion. [See Docs. 45 at 5–6]. Thus, the

Government only opposed three (3) of the Chrisley Defendants' requests and Defendant Tarantino's two (2) requests from his underlying motion.[2] [See id.]

Upon review for clear error, the Court finds that the Magistrate Judge reached the correct conclusion and Defendants' objections are due to be overruled. [See Docs. 115, 119]. As the Eleventh Circuit has instructed:

> The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule.

See U.S. v. Anderson, 799 F.2d 1438, 1441–42 (11th Cir. 1986) (internal quotations and citations omitted).

In the matter at bar, the undersigned agrees with the Magistrate Judge and the Government that the detailed allegations of the twenty-five (25)-page Indictment itself—particularly when considered in conjunction with the substantial discovery

---

[2] Specifically, the Government opposed the Chrisley Defendants' requests that the Government identify "any and all additional overt acts alleged to have been committed in furtherance of the [bank fraud] conspiracy;" "the expenditures alleged to have been made for the personal benefit of the Defendants as alleged in Paragraph 52 of [the tax conspiracy];" and "any and all additional overt acts alleged to have been committed in furtherance of the [tax] conspiracy." [See Doc. 45 at 6] (alterations in original). The Government additionally opposed Defendant Tarantino's requests to identify any statements by him "that were made to mislead or impede IRS revenue officers during the tax conspiracy" and all "false statements [by Defendant Tarantino] to FBI and IRS agents during the tax conspiracy." [See id.] (internal quotation marks omitted).

11

the Government has already tendered to Defendants—is more than sufficient to "advise[] the Defendants as to the identity and nature of the false statements and other fraudulent actions that are referred to in the Indictment." [See Doc. 101 at 8]. Additionally, the Court agrees with the Magistrate Judge that Defendants' remaining requests are "beyond the purpose of a bill of particulars." [See id.]; see also Anderson, 799 F.2d at 1441–42. Accordingly, the Magistrate Judge's Order on Bills of Particulars is neither clearly erroneous nor contrary to law, and the undersigned overrules Defendants' objections. [Docs. 115, 119].

### III. Order on Defendant Tarantino's Motion to Strike Surplusage

By an Order dated August 30, 2021, the Magistrate Judge addressed Defendant Tarantino's "Motion to Strike Surplusage." [See Docs. 37, 102]. By his instant motion, Defendant Tarantino seeks to strike Paragraphs 48 and 50 of the Indictment as irrelevant and/or prejudicial. [See Doc. 37 at 4–8]. In the Surplusage Order, the Magistrate Judge determined that a ruling on Defendant Tarantino's motion should be deferred until trial because "[a]ssessing the evidentiary relevance of specific statements or conduct in a complex fraud case is a task best suited for the trial court in the context of hearing the actual evidence in the case." [See Doc. 102 at 2].

The Magistrate Judge correctly observed that the Court possesses the right to reserve judgment on a motion to strike surplusage until a hearing before trial. [See

id.]; see also U.S. v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) ("it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language").  However, the Court does not find it necessary to do so here.[3]  In the Eleventh Circuit, "[a] motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial[,]" which represents "a most exacting standard."  See Awan, 966 F.2d at 1426 (internal quotation omitted).  In the matter at bar, the Court finds that Paragraphs 48 and 50 of the Indictment are relevant to the essential elements of the charges the Government seeks to prove against Defendant Tarantino.  [See Doc. 45 at 14–17].  Accordingly, the Court vacates the Magistrate Judge's Surplusage Order and denies Defendant Tarantino's "Motion to Strike Surplusage."  [See Docs. 37, 102].

## IV.   Non-Party Georgia Department of Revenue's Motion to Quash

On April 5, 2021, non-party Georgia Department of Revenue (through Attorney General Carr) filed a "Motion to Quash or Modify Subpoena."  [Doc. 84].

---

[3] The undersigned's general practice in conspiracy trials involving a lengthy indictment is to direct the Government to prepare a condensed version of the indictment for the purpose of reading it to the jury at the beginning of trial.  The undersigned typically gives this directive at the pretrial conference, with further direction for the Government to submit a copy of the condensed indictment before trial to the Court and defense counsel for review.  As a result, the entire indictment is not shared with the jury until deliberations, unless counsel discusses portions of the indictment during closing arguments.  It is the Court's belief, therefore, that any issue of possible surplusage can be further discussed (and potentially reconsidered) at the pretrial conference, if necessary.

By its present motion, the Georgia Department of Revenue (or "DOR") moves to quash or modify "the subpoena served on it by Defendants for the production of documents" related to the "criminal investigation into [the Chrisley Defendants] and/or any entity owned or operated by the Chrisleys." [See Docs. 84-1 at 1; 84-2 at 3].  The DOR represents that Defendants served a request on it for the same documents through a Georgia Open Records Act request a few days before Defendants served their subpoena.  [See Docs. 84-1 at 1–2; 84-3].

According to the DOR, it "responded to Defendants' Open Records Act requests and produced several documents" but withheld certain documents that are privileged, contain information about individuals other than Defendants, or fell under "a pending investigation exemption due to an investigation of the Georgia Inspector General's Office."  [See Docs. 84-1 at 2; 84-4].  Thereafter, the DOR "inquired of Defendants' counsel whether the production was sufficient for the federal subpoena" as well, but "did not receive a response."  [See Doc. 84-1 at 2]. Thus, the DOR requests that Defendants' subpoena be quashed because the DOR "already responded to the Defendants' last Open Records Act request[] . . . which is identical to the instant federal subpoena."  [See id. at 7].

No Defendant filed a response to the DOR's instant motion, and therefore, it stands unopposed.  In the absence of any opposition, the Court finds the DOR has satisfied its duty to provide Defendants with the documentation they requested by

14

responding to Defendants' Georgia Open Records Act request for the same. Accordingly, the Court grants the DOR's motion to quash. [Doc. 84].

## V. Conclusion

Accordingly, having conducted a *de novo* review of those portions of the R&Rs to which a Party objects and having reviewed the remainder of the R&Rs for clear error, the Court sets forth the below rulings:

1) As to the R&R on Defendant Tarantino's "Motion To Sever," the Court **SUSTAINS** the Government's Objections [Doc. 118], **REJECTS** the R&R [Doc. 103], and **DENIES** Defendant Tarantino's "Motion to Sever." [Doc. 38].

2) As to the R&R on the Chrisley Defendants' "Motion to Suppress Evidence Seized Pursuant to the Search Warrants for Emails and Electronically Stored Information," the Court **OVERRULES** the Chrisley Defendants' Objections [Doc. 116], **ADOPTS** the R&R as the opinion and order of this Court [Doc. 105], and **DENIES** the Chrisley Defendants' "Motion to Suppress Evidence Seized Pursuant to the Search Warrants for Emails and Electronically Stored Information." [Doc. 52].

3) As to the R&R on the Chrisley Defendants' "Motion[s] to Suppress Evidence Seized Pursuant to Search Warrants Executed at 4125 Welcome All Road and 1800 Century Boulevard NE," the Court **ADOPTS** the R&R as the opinion and order of this Court [Doc. 107], and **GRANTS** the Chrisley Defendants'

15

"Motion[s] to Suppress Evidence Seized Pursuant to Search Warrants Executed at 4125 Welcome All Road and 1800 Century Boulevard NE." [Docs. 36, 41].

Next, the Court **OVERRULES** the Chrisley Defendants' Objections [Doc. 115] and Defendant Tarantino's Objections [Doc. 119] to the Magistrate Judge's "Order on Defendants' Motions for Bills of Particulars." [Doc. 101].

Additionally, the Court **VACATES** the Magistrate Judge's "Order on a Motion to Strike Surplusage" [Doc. 102], and **DENIES** Defendant Tarantino's "Motion to Strike Surplusage." [Doc. 37].

Finally, the Court **GRANTS** non-party Georgia Department of Revenue's "Motion to Quash or Modify Subpoena." [Doc. 84].

**SO ORDERED**, this 26th day of January, 2022.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia