IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| ] | |
| v.                                               ] | File No. 1:19-CR-00297-ELR-JSA |
| ] | |
| TODD CHRISLEY a/k/a           ] | |
| MICHAEL TODD CHRISLEY,   ] | |
| JULIE CHRISLEY, and             ] | |
| PETER TARANTINO,                ] | |
| ] | |
| Defendants.                     ] | |

**DEFENDANT TARANTINO'S MOTION IN LIMINE TO PROHIBIT
IRS EMPLOYEE WITNESSES FROM DESCRIBING TARANTINO
AS BEING EVASIVE, KNOWING MORE THAN HE WANTED
THEM TO KNOW, OR SIMILAR IMPRESSION OR OPINION-BASED
DESCRIPTIONS WHICH WILL USURP THE ROLE OF THE JURY**

Peter Tarantino files this motion *in limine* to prohibit IRS employee witnesses from describing their gut feelings, impressions, or opinions about their interactions with him because such testimony is speculative and unfairly prejudicial. And, in the particular circumstances of this case, it is improper opinion which will invade the province of the jury by telling it what result to reach. "If such testimony were allowed, 'there would be no need for the jury to review personally any evidence at all. The jurors could be 'helped' by a summary witness for the Government, who could not only tell them what was in the evidence but tell them what inferences to

draw from it.'  Fundamental notions of fairness and justice forbid us from countenancing such a procedure." *United States v. Hawkins*, 934 F.3d 1251, 1269 (11th Cir. 2019), quoting *United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004).

Count Nine charges the defendants with conspiracy "to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS of the United States Department of Treasury in the ascertainment, computation, assessment, and collection of revenue, that is, income taxes." [Doc. 130, Para. 35].  The jury will be instructed that "[t]o 'defraud the United States means to interfere with any of its lawful governmental functions by deceit, craft, or trickery." Eleventh Circuit Pattern Jury Instruction O13.6.

The Chrisleys owed money to the IRS in connection with certain tax years going back to 2009.  Mr. Tarantino was their accountant, and in 2016-17 communicated with at least three IRS Revenue Officers about these tax debts. According to interview memos provided by the government, the first Revenue Officer "felt Tarantino was 'very uncooperative.'"  The second Revenue Officer, who was only assigned to the matter for about a month, said that her "first impression of [Tarantino] was that he knew more than he wanted her to know."  The third Revenue Officer says Tarantino "was evasive and claimed he did not know where [Todd] Chrisley had banking relationships."

Let us be clear – we have no objection to the Revenue Officers testifying about their investigatory steps and what they recall was said during their conversations with Mr. Tarantino. Rather, we are seeking an order prohibiting these witnesses from testifying about their feelings, impressions and opinions using language that so closely mirrors the language of the offense such that it invades the province of the jury by basically telling the jury what result to reach. This concern is enhanced in this case since actions taken by the Georgia Department of Revenue caused the Chrisleys' federal tax debt matter to be transitioned to different Revenue Officers, with each transition leading to an individual having a higher level of experience/expertise.[1] Jurors likely will interpret this escalation in a way that confers upon the higher-level witnesses an aura of special reliability and trustworthiness.

The testimony at issue is inadmissible under Federal Rule of Evidence 403 because it is speculative, misleading, and unfairly prejudices Mr. Tarantino in that it will distract the jury from its task of deciding the disputed facts within the framework of the law as instructed by the Court. These purported feelings, impressions, and opinions also violate Federal Rule of Evidence 701(b), which permits lay witness

---

[1] These Georgia Department of Revenue "actions" had nothing to do with Mr. Tarantino but have been called into question. *See* Doc. 107.

opinion testimony only when helpful to determining a fact in issue or to clearly understanding the witness's testimony. There is no "fact" about Mr. Tarantino's conduct made more or less likely by this commentary; nothing about the witnesses' testimony about the facts of Mr. Tarantino's conduct is made more understandable by these feelings, impressions, and opinions.

The Eleventh Circuit's opinion in *Hawkins* is instructive. That case involved a drug prosecution where the lead investigating agent testified as an expert and (the government argued) provided lay opinion testimony. The Court identified instances where the agent interpreted plain language, testified as to what he "believed," "felt," or "thought" text messages and phone conversations – not just code words – meant, and concluded that he had given improper opinion testimony which was speculative and included improper commentary. The Court had this to say about expert and lay opinion testimony which we believe is applicable here:

> Nor was it proper for Agent Russell to speculate about what was transpiring in phone calls and messages or to "interpret" uncoded, ordinary language. *See, e.g., United States v. Torralba-Mendia*, 784 F.3d 652, 660 (9th Cir. 2015) (The testimony merely restated the obvious, and was not helpful."); *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014) ("[A]n officer may not testify based on speculation . . . or interpret unambiguous, clear statements."); *United States v. Haines*, 803 F.3d 713, 734 (5th Cir. 2015) (finding testimony was admitted in error where agent "offere[ed] [sic] his own interpretation of language that was well within the province of the jury to interpret" and "ventured into speculation, usurping the jury's function, which is to draw its own inferences from the evidence presented"); *United States*

> *v. York*, 572 F.3d 415, 423 (7th Cir. 2009) ("'Interpretations' of unambiguous words or phrases that are plainly within the jury's understanding . . . would not assist the trier of fact to understand the evidence or to determine a fact in issue . . . . Instead, they would merely put an expert gloss on a conclusion the jury should draw." (further internal quotation marks omitted)(citation omitted)). Through his testimony, Agent Russell repeatedly summarized the evidence and "effectively spoon-fed his interpretations of the phone calls and the government's theory of the case to the jury, interpreting even ordinary English language," *United States v. Marcus Freeman*, 730 F.3d 590, 597 (6th Cir. 2013)–all of which presents a problem.

*Hawkins*, at 1264-65.

> Moreover, much of Agent Russell's troubling testimony would be improper as lay testimony even if offered as such. This is because "a case agent testifying as a lay witness may not explain to a jury what inferences to draw from recorded conversations involving ordinary language. At that point, his testimony is no longer evidence but becomes argument." *Marcus Freeman*, 730 F.3d at 598 (citation omitted)); *see also United States v. Kilpatrick*, 798 F.3d 365. 380-81 (6th Cir. 2015)(same); *United States v. Kevin Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) ("[T]he interpretation of clear statements is not permissible, and is barred by the helpfulness requirement of both Fed. R. Evid. 701 and Fed. R. Evid. 702." (quoting *United States v. Dicker*, 853 F.2d 1103, 1109 (3d Cir. 1988))); *United States v. Yuri Garcia*, 413 F.3d 201, 210 (2d Cir. 2005) ("[O]pinion testimony, whether offered by a lay witness pursuant to [Rule 701], or by an expert pursuant to [Rule 702], . . . is not properly received 'merely [to] tell the jury what result to reach.'" (last alteration in original) (quoting Fed. R. Evid. advisory committee's notes on 1972 proposed rules)).

*Id*. at 1265-66.

> In sum, Agent Russell provided improper testimony by summarizing evidence, interpreting plain language, and drawing inferences from the evidence that the jury must draw (or not draw) for itself. And even if Agent Russell provided only lay testimony–an

5

> assertion wholly refuted by the record–his testimony was still largely improper. Put simply, it matters not how Agent. Russell or his testimony is classified. Expert or lay, the testimony was improper, and admitting it constituted clear and obvious error."

*Id*. at 1266-67.

A key issue in this case is whether the Defendants conspired to impede and impair the IRS's efforts to collect tax debts owed by one or both Chrisleys. Words like "evasive" are especially loaded terms in a criminal tax case such as this one. Allowing Revenue Officers to testify as to their gut feelings or opinions which articulate their views of Mr. Tarantino's intent or motivations will invade the province of the jury and usurp its function. The Revenue Officers' various commentary are actually conclusions the jury is responsible for determining via a sifting of the facts to draw its own inferences from the evidence presented to it.

Whether Mr. Tarantino conspired with the Chrisleys to impede and impair the collection efforts of the IRS is a factual inquiry that jurors are capable of conducting. The facts will be straightforward: The Revenue Officers can testify about their conversations with Tarantino – the questions they asked, the information they requested, and the responses received from him. For example, in the instance where the Revenue Officer who reportedly says Mr. Tarantino "was evasive and claimed he did not know where [Todd] Chrisley had banking relationships," the matter is straightforward: 1. Did the Revenue Officer ask the question? 2. What was Mr.

6

Tarantino's response? 3. Did the Revenue Officer have facts showing otherwise? A jury can decide for itself whether this evidence proves Mr. Tarantino conspired to willfully impede and impair the lawful functions of the IRS.

There is no need for gut feeling/opinion testimony which purports to describe Mr. Tarantino's intent. Moreover, such commentary is even more troubling and wrong if, for example, it turns out the Revenue Officer was unaware of information contradicting Mr. Tarantino's responses. Within the contours of this case, the feelings, impressions, and opinions of the Revenue Officers are nothing more than speculation and argument and should therefore not be admissible. Accordingly, Mr. Tarantino respectfully requests that this motion be granted.

Respectfully submitted this 21st day of March, 2022.

                          **GRIFFIN DURHAM TANNER & CLARKSON LLC**

By: */s/ Daniel P. Griffin*
     Daniel P. Griffin
     Georgia Bar No. 310760
     dgriffin@griffindurham.com

     75 14th Street, Suite 2130
     Atlanta, Georgia 30309
     Tel. No.: (404) 891-9151
     Fax No.: (404) 891-9150

     ***Attorney for Defendant Peter Tarantino***

# CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed **DEFENDANT TARANTINO'S MOTION IN LIMINE TO PROHIBIT IRS EMPLOYEE WITNESSES FROM DESCRIBING TARANTINO AS BEING EVASIVE, KNOWING MORE THAN HE WANTED THEM TO KNOW, OR SIMILAR IMPRESSION OR OPINION-BASED DESCRIPTIONS WHICH WILL USURP THE ROLE OF THE JURY** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 21st day of March, 2022.

                                  **GRIFFIN DURHAM TANNER & CLARKSON LLC**

                                  By: */s/ Daniel P. Griffin*
                                       Daniel P. Griffin
                                       Georgia Bar No. 310760
                                       dgriffin@griffindurham.com

                                       75 14th Street, Suite 2130
                                       Atlanta, Georgia 30309
                                       Tel. No.: (404) 891-9151
                                       Fax No.: (404) 891-9150

                                   ***Attorney for Defendant Peter Tarantino***