IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| ] | |
| v.   ] | File No. 1:19-CR-00297-ELR-JSA |
| ] | |
| TODD CHRISLEY a/k/a ] | |
| MICHAEL TODD CHRISLEY, ] | |
| JULIE CHRISLEY, and ] | |
| PETER TARANTINO, ] | |
| ] | |
| Defendants. ] | |

**DEFENDANT TARANTINO'S MOTION IN LIMINE TO
EXCLUDE TESTIMONY AND ARGUMENT CHARACTERIZING
HIS STATEMENT CONCERNING WHETHER TODD CHRISLEY
RECEIVED INCOME FROM 7C's PRODUCTIONS AS BEING FALSE**

Peter Tarantino files this motion *in limine* to prohibit witness testimony and argument by the government that claims or suggests he lied when he told investigating agents Todd Chrisley did not receive income from 7C's Productions. Mr. Tarantino's statement to these agents was not false. Rather, it was literally true.

Had the government charged Mr. Tarantino with making a false statement to the agents (18 USC §1001), that charge would be subject to pretrial dismissal. If one can't lawfully be charged with making a false statement, the government should not be able to use the same statement in an uncharged case and claim it is false. In

other words, when a statement is literally true, the government should be prohibited from contending otherwise.

Count Eight of the Superseding Indictment alleges a conspiracy to defraud the United States (in particular, the IRS) under 18 U.S.C. § 371. [Doc. 13, ¶¶ 34-50]. Amidst that count, the Government alleges certain false statements by Tarantino as "efforts to impede IRS revenue officers." Paragraph 45 alleges that a statement Tarantino made during an interview with federal agents was false:

> To further the conspiracy, on or about February 2, 2018, TARANTINO knowingly lied to federal agents employed by the Federal Bureau of Investigation and the IRS Criminal Investigation Division, in that TARANTINO falsely stated that he did not know how TODD CHRISLEY earned his money. These statements and representations were false because TARANTINO then and there knew that TODD CHRISLEY received income through 7Cs Productions.

As shown by the below transcript, Tarantino's statement when read in context is literally true.

> AGENT ARROW: Okay. Going back to the entities that you are aware of, going back to 7C's Production, to your knowledge, what's the purpose of that entity? What exactly does that entity do?
>
> MR. TARENTINO [sic]: That entity, from what I understand, has contracts with the production company that produces the television program that they appear on and that entity is the conduit for Julie's income and Savannah's income and the youngest son, Grayson, and Chase.
>
> AGENT ARROW: Okay. When you say it's a conduit for those individuals' income though --

MR. TARENTINO: Well, so the studio pays 7C's Productions and then 7C's Productions retains the services of the other members of the family.

AGENT ARROW: Okay.

MR. TARENTINO: But -- so we've issued -- in the past, we've issued 1099 forms to Savannah and we've issued 1099 forms to Chase. I believe the mother gets paid directly from the studio and Julie's income is reported through -- will be reported through the K-1.

AGENT ARROW: Okay. Even though 7C's Productions is 100% owned by Julie?

MR. TARENTINO: Right.

AGENT ARROW: And it's an S corp, you said?

MR. TARENTINO: That's -- as far as I know. I've not seen the S election, the accepted S election.

AGENT ARROW: Okay.

MR. TARENTINO: I was told it's an S corporation.

AGENT RISKOWSKI: Along those same lines though, kind of the income and how it flows through 7C's, what about Todd's income?

MR. TARENTINO: I don't know how Todd gets his income.

AGENT RISKOWSKI: Okay.

AGENT ARROW: Okay. And --

MR. TARENTINO: I don't recall seeing any checks from 7C's to Todd.

AGENT RISKOWSKI: Okay. And he did get a 1099, to your understanding?

>    MR. TARENTINO: No -- well, I don't recall seeing any checks to him --
>
>    AGENT RISKOWSKI: I understand.
>
>    MR. TARENTINO: -- so I wouldn't have issued a 1099 to him.

IRS/FBI Interview of Peter Tarantino, Feb. 2, 2018.

Tarantino's statement that he did not "know how Todd [Chrisley] gets his income" came as part of a discussion of 7C's Productions. That entity retains the services (and pays) other members of the Chrisley family, issuing Form 1099s for that purpose. When asked by the agents, Tarantino confirmed his understanding that 7C's was an S-corporation 100% owned by Julie Chrisley.

Because 7C's is an S-Corporation, its income passes through to its shareholders. *See* 26 U.S.C. §1366(a) (describing the tax liability of S-Corporation shareholders as including a "pro rata share of the corporation's items of income") Julie Chrisley is 7C's sole shareholder (as 100% owner), so 7C's income would pass through to her. Todd Chrisley would derive his income from payments made by 7C's, in the same way as other Chrisley family members. Yet Tarantino did not recall seeing checks from 7C's to Todd and did not issue a 1099 to Todd Chrisley. Thus, Todd Chrisley literally did not receive income from 7C's. So, by explaining that he has not seen any documents indicating income from 7C's to Todd Chrisley,

4

Tarantino's statement that he did not "know how Todd gets his income" is literally true.

## **AUTHORITY**

"Two of the few available defenses to a false statement charge," are that the defendant "was responding to a fundamentally ambiguous question or that [his] answer was literally true." *United States v. Ricard*, 922 F.3d 639, 652 (5th Cir. 2019). "Both of those defenses hinge heavily on the specific words spoken by the defendant and the questioner." *Id*. "[T]he consequences of imprecision in the language used to question a witness must be laid at the table of the questioner, not the questioned." *United States v. Sainz*, 772 F.2d 559, 564 (9th Cir. 1985). "In order to prosecute an indictment for making a false statement, the government must not remove questions from the context in which their answers were given in an attempt to prove their clarity." *United States v. Manapat*, 928 F.2d 1097, 1101 (11th Cir. 1991).

It is well established that a defendant cannot be convicted for making false statements where his responses to the government's questions were literally true. *See Bronston v. United States*, 409 U.S. 352, 362 (1973) (any "special problems arising from the literally true but unresponsive answer are to be remedied through the 'questioner's acuity' and not by a federal perjury prosecution"). Following *Bronston*,

5

courts have reversed convictions where a defendant's statements were literally true, even where the statements were misleading or non-responsive. *See, e.g., Manapat*, 928 F.2d 1097 (dismissing false statement charge where indictment based on fundamentally ambiguous question); *United States v. Rendon- Marquez*, 79 F. Supp. 2d 1361, 1363-64 (N.D. Ga. 1999) (acquitting defendant of making a false statement where statement was literally true); *United States v. Shotts*, 145 F.3d 1289, 1299-300 (11th Cir. 1998) (Even if [the defendant's] answer was evasive, non-responsive, intentionally misleading and arguably false, it was literally true and cannot support a conviction" for making false statements); *United States v. Vesaas*, 586 F2d 101, 104 (8th Cir. 1978) ("An indictment premised on a statement which on its face is not false cannot survive"); *United States v. Spalliero*, 602 F. Supp. 417, 424 (C.D. Cal. 1984) (dismissing perjury count where double negative made defendant's statements literally true).

## **CONCLUSION**

The law is clear:  A statement that is literally true can never be a false statement.  The words of Mr. Tarantino, in the context in which they were made, were not false.  We ask that the Court exercise its authority just as if Mr. Tarantino was charged with 18 USC § 1001 and the pending motion is one for dismissal.  Mr. Tarantino therefore respectfully requests that the Court grant this motion and

exclude testimony and argument characterizing his statement concerning income received by Todd Chrisley from 7C's Production as being false.

Respectfully submitted this 21st day of March, 2022.

       **GRIFFIN DURHAM TANNER & CLARKSON LLC**

  By: */s/ Daniel P. Griffin*
     Daniel P. Griffin
     Georgia Bar No. 310760
     dgriffin@griffindurham.com

     75 14th Street, Suite 2130
     Atlanta, Georgia 30309
     Tel. No.: (404) 891-9151
     Fax No.: (404) 891-9150

     ***Attorney for Defendant Peter Tarantino***

## CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed **DEFENDANT TARANTINO'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND ARGUMENT CHARACTERIZING HIS STATEMENT CONCERNING WHETHER TODD CHRISLEY RECEIVED INCOME FROM 7C's PRODUCTIONS AS BEING FALSE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 21st day of March, 2022.

>GRIFFIN DURHAM TANNER & CLARKSON LLC
>
>By: */s/ Daniel P. Griffin*
>     Daniel P. Griffin
>     Georgia Bar No. 310760
>     dgriffin@griffindurham.com
>
>     75 14th Street, Suite 2130
>     Atlanta, Georgia 30309
>     Tel. No.: (404) 891-9151
>     Fax No.: (404) 891-9150
>
>     ***Attorney for Defendant Peter Tarantino***

8