IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:19-CR-297-ELR-JSA |
| TODD CHRISLEY (A/K/A MICHAEL TODD CHRISLEY) AND JULIE CHRISLEY | |

**United States' Supplemental Rule 404(b) Notice**

The United States of America, by Kurt R. Erskine, United States Attorney, and Thomas J. Krepp and Annalise K. Peters, Assistant United States Attorneys for the Northern District of Georgia, files this Supplemental Rule 404(b) Notice.

**I.     Background**

On August 13, 2019, the grand jury returned an Indictment against defendants Todd Chrisley, Julie Chrisley (hereinafter, "the Chrisleys"), and Peter Tarantino. (Doc. 1). The grand jury returned a Superseding Indictment against all three defendants on February 15, 2022. (Doc. 130).

The Chrisleys are charged with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count 1), five counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2-6), one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 8), and one count of tax evasion, in violation of 26 U.S.C. § 7201 (Count 9). Julie Chrisley is also charged with one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 7), and one

count of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2) (Count 12). Tarantino is charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 8), and two counts of willfully filing false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 10-11).

### A. Overview of the Tax Charges

The Superseding Indictment alleges that the Chrisleys and Tarantino conspired to defraud the IRS and that the Chrisleys willfully evaded the collection of taxes stemming from the 2009 tax year. (Doc. 130, Counts 8-9).

Specifically, the Chrisleys are alleged to have failed to file and pay any taxes for tax years 2013, 2014, 2015, and 2016, despite earning millions of dollars from their reality television show. (Doc. 130, ¶¶ 5, 14). Additionally, the Defendants, knowing that Todd Chrisley owed hundreds of thousands of dollars for the 2009 tax year, purposely hid funds in the name of 7C's Productions.  (*Id.*, ¶ 37). The Defendants purposefully kept Todd Chrisley's name off of 7C's Productions' bank accounts and corporate filings to impede the IRS's ability to determine his income and collect his unpaid 2009 taxes. (*Id.*).

### B. Todd Chrisley's February 14, 2022, Deposition

On July 9, 2021, Amy Doherty-Heinze—a former Georgia Department of Revenue official—filed a defamation action against defendant Todd Chrisley. *See Doherty-Heinze v. Chrisley*, 3:21-cv-00105-TCB (Doc. 1). The case is assigned to United States Chief District Judge Timothy C. Batten. On February 14, 2022, the defendant, Todd Chrisley was deposed. (Doc. 14, Ex. A). Todd Chrisley publicly filed a transcript of the deposition on March 18, 2022. *(Id.*). On March 29, 2022,

the United States requested a copy of the video recording of the deposition from the Chrisleys' counsel. On March 30, 2022, attorney Chris Anulewicz (who is representing Todd Chrisley in the civil action pending before Judge Batten and both Chrisleys in the criminal action pending before this Court) indicated that he did not have possession of the recording. On April 8, 2022, CC'ing attorney Anulewicz as well as the Chrisleys' other criminal defense attorneys, the United States requested a copy of the recording from the court reporter. On April 14, 2022, the court reporter reported she could provide a copy of the recording so long as counsel for Todd Chrisley had no objection. Attorney Anulewicz emailed back to state that he had no objection to the recording being disclosed to the United States. The court reporter thereafter provided a copy of the recording on April 20, 2022. The United States attaches a copy of the transcript of the deposition here as Exhibit A and will submit the recording to the Court under separate cover as Exhibit A-1.

As is relevant to this Notice, Todd Chrisley testified to the following points:

- Q:  What is 7C's LLC?

- A:  That's a company that my wife owns.

- Q:  When was that formed?

- A:  I don't know.

- Q:  What does it do?

- A:  I have been told, through all of these legal proceedings, that it is a loan-out company that handles contracts for our family with different networks and things like that.

- Q:  Have you ever had any role in working for that company -- well, let me put it this way -- let me ask it this way. · I'm sorry, that wasn't a very good question. Have you ever had any role in managing that company?

- A:  No, ma'am. (Ex. A at 16).

  ***

- Q:  Do you know the correct name of the entity?

- A:  I -- I think it's 7C's Productions.

- Q:  Okay.

- A:  The number 7, and then apostrophe, capital C.

- Q:  All right. I think that that's right, and I know you've got it listed in here. Yes, okay. 7, capital C, apostrophe S, Productions LLC. Is that the name of it, to your understanding?

- A:  7C's Productions. I don't know if it's an LLC or if it's an S-corp. I don't -- I don't know. I've seen it both ways in the last six months.

- Q:  All right. Actually, let me take that back. All right. 7C's Productions, Inc.?

- A  Maybe. Maybe that's it. (Ex. A at 18).

  ***

- Q: If that money is being paid to you and/or your wife and/or 7C's, do you know where it's going?

- A: I imagine -- and this is speculation, but, I mean, I would imagine that any monies that are paid on behalf of the podcast, just like any production company, would go to 7C's, and then Julie would disburse

that however she -- however she's supposed to or whatever, however she's told to do it by the accountants.

- Q: She's the person who's in charge of that -- or who makes those decisions, in connection with the·accountants?

- A: Yes, ma'am.

- Q: Where are 7C's bank accounts located? Do you know?

- A: I have no idea. (Ex. A at 24-25).

  ***

- Q: What is located at 10945 State Bridge Road, Suite 401-300, in Alpharetta, Georgia?

- A: Can you repeat that again?

- Q: Yes. 10945 State Bridge Road, Suite 401-300,

- Q: What is located at 10945 State Bridge Road, Suite 401-300, in Alpharetta, Georgia?

- A: Can you repeat that again?

- Q: Yes. 10945 State Bridge Road, Suite 401-300, Alpharetta.

- A: I -- I don't know. I mean, unless it's like a -- I don't know. I mean, if it's a P.O. Box or something. I know that for a number of years when we lived there, that the accountants and our former CFO had made sure that all the mail went to one location. So I don't know if it's that or not.

- Q: Okay.

- A: It may be a UPS post office or something. I don't know.

- Q: That would be where you would maintain such a box?

- A: I don't know. I just remember something about a State Bridge Road. Ma'am, I don't know. It just seems like I've heard that -- I've heard that address before.

- Q: Yes. And are you aware that -- so the -- so I will represent to you that your wife has used that address on things. Does that --

- A: Then that might be where I know it from. That would -- then it's probably a P.O. Box that they had there, that the accountants set up in early 2000, I would think.

- Q: Do you still have that P.O. Box?

- A: I don't, no. I've never had it.

- Q: Do you know whose name is on that P.O. Box?

- A: I do not.

- Q: Have you ever been to that P.O. Box?

- A: I've never been to it. I don't know anything about it, I mean, other than I've seen it before on -- I remember that address.

- Q: Have you ever used it personally?

- A: No, ma'am.

- Q: Have you ever used it in connection with any of your businesses?

- A: I don't know, because I never handled any of that kind of stuff. Our former CFO handled all that stuff for us.

- Q: Who was the former CFO?

- A: Mark Braddock.

- Q: And you sued him -- or your wife sued him, right?

6

- A: Yes.

- Q: Do you know who pays for that address?

- A: I don't know who paid for it. I don't know that -- I haven't seen that address in years, so it may have been when the litigation was going on that I knew about that. But I don't believe that my wife uses that anymore. (*Id.* at 26-28).

### C. Supplemental Rule 404(b) notice

On August 19, 2019, Judge Anand entered a pretrial scheduling order directing the United States, upon a defendant's request, "to provide a summary of any evidence it intends to offer of other crimes, wrongs or acts pursuant to FED. R. EVID. 404(b)." (Doc. 20 at 6-7). The pretrial scheduling order further instructs that:

> **The 404(b) evidence shall be provided to the defense as soon as practicable after the government has determined to use such evidence, subject to the following deadlines:** If the 404(b) evidence pertains to acts or conduct of the defendant which is alleged to have occurred within the Northern District of Georgia, the summary required to be provided under this heading and the rule shall be provided no later than fourteen (14) days before trial. If the acts or conduct is alleged to have occurred outside the Northern District of Georgia, the summary required to be provided under this heading shall be provided no later than twenty-one (21) days before trial.

(*Id.* at 7) (emphasis in original).

As set forth in prior briefing, on March 14 and 15, 2022, the United States disclosed to the Chrisleys a summary of certain Rule 404(b) evidence that it intended to admit at trial. (Doc. 158, Exs. 1, 2). The United States supplemented

this Rule 404(b) notice on March 31, 2022, to include one additional false invoice. (*See* Doc. 170). The Chrisleys filed a motion in limine to exclude evidence of this Rule 404(b) evidence, which this Court denied. (Docs. 158, 170, 183).

Pursuant to Judge Anand's order and Rule 404(b), the United States provides notice that it intends to offer into evidence a video of a portion of Todd Chrisley's February 14, 2022, deposition. Specifically, the United States intends to offer into evidence the following portions:

- 0 minute mark until 1 minute, 17 second mark (Todd Chrisley is sworn in as a witness)
- 13 minute, 2 second mark (Q: "What is 7C's LLC?") through the 30 minute, 45 second mark (A: "Separate").

### 1. The testimony is admissible under Rules 401 and 402.

As a threshold matter, while the United States files this notice of intent to admit Rule 404(b) evidence out of an abundance of caution, his sworn testimony is otherwise admissible under Rules 401 and 402.[1] The topics that he discussed during the deposition—namely, his involvement with 7C's Productions and knowledge of its operations—cut to the heart of the tax charges against him. Accordingly, the statements should be admitted as relevant and probative evidence under Rules 401 and 402.

---

[1] With respect to any hearsay challenge, Todd Chrisley's statements are admissible as statements of a party opponent. *See* Fed. R. Evid. 801(d).

### 2. In the alternative, Todd Chrisley's testimony is admissible under Rule 404(b).

In the alternative, Todd Chrisley's testimony is admissible under Rule 404(b) to demonstrate Todd Chrisley's motive, intent, preparation, plan, knowledge, absence of mistake, and lack of accident. *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015) (citing Fed. R. Evid. 404(b)(2)). A cornerstone of the tax charges is the allegation that defendants used 7C's Productions to hide Todd Chrisley's income. (Doc. 130, ¶ 37). The fact that Todd Chrisley has continued to lie about his role with 7C's Productions even after being charged in this case—and a mere *three months* before his pending criminal trial—is highly probative of his motive, intent, preparation, plan, knowledge, absence of mistake, and lack of accident. *See United States v. Jemmott*, 596 F. App'x 896, 901-03 (11th Cir. 2015) (Rule 404(b) evidence deemed admissible where "Defendant made clear that he was vigorously challenging the contention that he had conspired with [another individual] as to the overall food stamp fraud conspiracy.").

### a. The United States can demonstrate the proposed Rule 404(b) evidence by a preponderance of the evidence.

The United States can prove Todd Chrisley committed perjury by a preponderance of the evidence. *See Ford*, 784 F.3d at 1393. Specifically, the United States is prepared to demonstrate through admissible evidence that Chrisley repeatedly lied through his deposition when questioned about 7C's Productions, the entity that is at the center of the tax charges.

When asked about 7Cs' Productions, Chrisley falsely testified that, "I have been told, through all of these legal proceedings, that it is a loan-out company

that handles contracts for our family with different networks and things like that." In truth, Chrisley knew that 7C's Productions was used as the loan-out company long before the *Heinz-Doherty* lawsuit was filed. (*See, e.g.* Ex. B (email exchange with production company executive about 7C's Productions operating as a loan-out company) Ex. C (August 2013 email exchange in which Todd Chrisley directs Julie Chrisley to get documents related to 7C's Productions over to a Mercedez-Benz dealership)).

When asked, "[h]ave you ever had any role in managing [7Cs' Productions], Chrisley falsely testified, "no, ma'am." In truth, Chrisley repeatedly acted as the de facto manager of 7C's Productions and directed his wife, Julie Chrisley what actions to take on the company's behalf. (*See* Ex. D (screenshot of toddchrisley.org from January 2019, which stated, "Todd Chrisley Starts Film Production Company - 7CsProduction"); Ex. E (email exchange in which Todd Chrisley explains that his daughter's 2014 tax return had not yet been filed "[b]ecause we 7C's haven't finished all of our accounting.")).

When asked if he knew where payments to 7C's Productions were going, Todd Chrisley falsely testified, "I mean, I would imagine that any monies that are paid on behalf of the podcast, just like any production company, would go to 7C's, and then Julie would disburse that however she -- however she's supposed to or whatever, however she's told to do it by the accountants." In truth, Todd Chrisley was well aware of where payments to 7C's Productions were going, having repeatedly directed production companies and others where to send those payments. (*See* Ex. F (Todd Chrisley providing wiring instructions to a

third party for 7C's Productions, including the bank name, routing number, and account number, Ex. G (Production company providing Todd Chrisley with a wire detail report showing that $408,000 had been transferred to a 7C's Productions' bank account)).

Todd Chrisley also falsely testified that he was only vaguely familiar with 10945 State Bridge Road, Suite 401-300, Alpharetta, GA. In truth, Todd Chrisley was well aware that this particular address had repeatedly been used by 7C's Productions for years. (*See* Ex. G (wire detail report listing the State Bridge Road address)).

### b. Any unfair prejudice from this evidence does not substantially outweigh its probative value.

Any unfair prejudice from this evidence does not substantially outweigh its probative value. *See Ford*, 784 F.3d at 1393. "When determining the probative value of extrinsic act evidence, district courts should consider: "(1) the Government's incremental need for the evidence to prove guilt beyond a reasonable doubt; (2) the similarity of the extrinsic act and the charged offense; and (3) the closeness or remoteness in time between the extrinsic act and the charged offense." *United States v. Baptiste*, 618 F. App'x 593, 596 (11th Cir. 2015) (citing *United States v. Ellisor*, 522 F.3d 1255, 1268 (11th Cir. 2008)). Under this standard, the deposition should be admitted.

*First*, as the Eleventh Circuit has repeatedly held, "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b)

evidence absent affirmative steps by the defendant to remove intent as an issue." *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (internal citation omitted). Given the Eleventh Circuit's recognition of the United States' "substantial burden" of proving intent, this evidence is important to prove this element.

*Second*, as stated above, the Rule 404(b) evidence is identical to the charged conduct: Todd Chrisley's lies about the extent of his role in managing 7C's Productions.

*Third*, the extrinsic acts occurred after Todd Chrisley was charged with conspiring to defraud the IRS and with tax evasion. (Doc. 130, ¶¶ 26-33).

*Finally*, the evidence supporting these lies is straightforward and will not waste the Court or jury's time. The exhibits attached to this notice are a representative sample of the emails and other records that the United States intends to admit at trial to prove its tax case. The admission of less than twenty minutes from a sworn deposition will not distract the jury from the key issue with respect to the tax charges. To the contrary, this evidence squarely addresses

Todd Chrisley's willfulness – a necessary element for the tax charges.

Respectfully submitted,

KURT R. ERSKINE
    *United States Attorney*

/s/THOMAS J. KREPP
    *Assistant United States Attorney*
    Georgia Bar No. 346781
    thomas.krepp@usdoj.gov

/s/ANNALISE K. PETERS
    *Assistant United States Attorney*
    Georgia Bar No. 550845
    annalise.peters@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Counsel for Todd Chrisley
>
> Counsel for Julie Chrisley
>
> Counsel for Peter Tarantino

April 25, 2022

> /s/ THOMAS J. KREPP
> _____
>
> THOMAS J. KREPP
>
> *Assistant United States Attorney*