| | |
|---|---|
| **From:** | Michael Chrisley |
| **Subject:** | 7C's p |
| **To:** | janieh███████████ |
| **Sent:** | July 31, 2013 1:28 PM (UTC-04:00) |
| **Attached:** | NDA - 7C's Prodcutions-1.pdf |

Please forward both signed documents back to us and we can have your contract signed and sent back to you today.

## NON-DISCLOSURE AGREEMENT

This agreement (this "Agreement") is entered into by and between _____ ("Recipient"), a resident of the state of Georgia and having an address of _____, _____, Georgia _____ and **7C's Productions, Inc.**, together with its officers, shareholders, directors, agents, servants, employees, heirs, executors, administrators, successors, predecessors, and assigns, subsidiaries and affiliates (collectively "Disclosing Party").  Disclosing Party may discuss certain business matters with Recipient from time to time wherein Disclosing Party may share information with Recipient that Disclosing Party considers proprietary and/or confidential to Disclosing Party.  The parties intend for Recipient to provide services and/or products to Disclosing Party and Disclosing Party and Recipient acknowledge and agree that, in carrying out Recipient's responsibilities, Recipient will be in and around the business of Disclosing Party, and accordingly Disclosing Party may disclose to, or Recipient may otherwise become privy to, certain information and/or documents concerning Disclosing Party's business that is not otherwise available to the general public (the "Intended Purpose").  There may be a need for Disclosing Party to disclose to Recipient certain information that is to be used only for the Intended Purpose or Recipient otherwise becomes aware and Disclosing Party must be protected from unauthorized use or disclosure.

In consideration of Disclosing Party agreeing to engage, or continue to engage, Recipient to provide services and/or products to Disclosing Party, said consideration each party agrees to be adequate and sufficient, each party hereby agrees as follows:

1.      Confidential Information.

    1.1     For purposes of this Agreement, "Confidential Information" shall mean, but not be limited to (a) all images, names, addresses, telephone numbers, email addresses, social media such as Facebook or Twitter accounts not shared with the general public, written documents, notes, memoranda, emails, any forms of communications, drawings, audio or video footage received, retained, made or compiled concerning (b) Disclosing Party, its employees, agents, officers, directors, shareholders, their family members, friends, employees, business associates, or other representatives relating thereto (hereinafter "Disclosing Party's Acquaintances") whether disclosed orally or in writing and whether or not specifically marked as "Confidential" or "Proprietary," including, without limitation, all information related to Disclosing Party's, or any such Disclosing Party Acquaintance's, existing, proposed or potential projects, customers, contracts, knowledge, products, services, markets, financial statements and proposed business plans, policies and purposes, and other business, creative and financial information and the tangible materials containing any such information, including, without limitation, written and printed documents, CD-ROMs and computer disks and tapes, whether machine or user readable.

    1.2     Confidential Information shall not include any information or material: (a) that is already known to Recipient before disclosure by Disclosing Party; (b) that is developed through the independent efforts of Recipient (without the use of Confidential Information); (c) that is or subsequently becomes available to the general public other than through a breach of this Agreement by Recipient; or (d) that Recipient rightfully receives from a third party, where such disclosure was made without any restriction as to confidentiality or use (and Recipient does not know or have any reason to believe that the third party's disclosure of such information or material violated an obligation or duty of confidentiality to Disclosing Party).

2.      Restrictions.

    2.1     Recipient shall disclose Confidential Information only to Recipient's employees on a need-to-know basis and provided such employees have signed an agreement with Recipient containing

1

confidentiality provisions substantially similar to those set forth herein ("Authorized Personnel"), and shall advise any such Authorized Personnel that the Confidential Information is to be used only for the Intended Purpose. Recipient shall ensure compliance by Authorized Personnel with the terms and conditions of this Agreement, and shall be responsible for any breach of such terms and conditions by any Authorized Personnel. Recipient shall only be authorized to reproduce, summarize and/or distribute Confidential Information to the extent that such actions are in furtherance of the Intended Purpose.

2.2     Recipient shall not otherwise disclose Confidential Information to any third parties, except to the extent that Recipient is compelled to do so in accordance with judicial or other governmental order, or as otherwise required by law, in which case Recipient shall give Disclosing Party reasonable notice prior to such disclosure and shall comply with any applicable protective order (or equivalent) obtained by or on behalf of Disclosing Party.

2.3     Recipient shall take reasonable security measures, which such measures shall be at least as great as the measures Recipient uses to keep its own confidential information secure, to hold the Confidential Information in strict confidence and safe custody. Recipient agrees to segregate, to the extent it can be reasonably done, the Confidential Information from the confidential information and materials of others in order to prevent commingling.

2.4     Recipient acknowledges that Disclosing Party possesses and will possess certain proprietary contacts and relationships in and within the entertainment industry, business and other Confidential Information governed under this Agreement which is in all respects strictly confidential and proprietary in nature, and that any disclosure by Recipient, except as expressly provided herein, may cause serious and irreparable harm and damage to Disclosing Party, and its owners, directors, officers, agents, representatives and Disclosing Party Acquaintances. Accordingly, Recipient agrees that for an indefinite period from the date of disclosure, Recipient shall not, directly or indirectly, for itself, or on behalf of any other person or entity, unless instructed to do so by Disclosing Party: (a) contact or solicit Disclosing Party's Acquaintances to obtain Confidential Information regarding Disclosing Party, (b) enter into any agreement or understanding with any third party with respect to any opportunity, project or otherwise relating to Confidential Information disclosed to Recipient, without the prior written consent of Disclosing Party; and (c) disclose such Confidential Information to any third party, other than provided herein, without prior, written approval from the Disclosing Party.

3.    <u>Rights and Remedies</u>.

3.1     Disclosing Party may, upon reasonable prior written notice, visit Recipient's premises during normal business hours to review Recipient's compliance with the terms of this Agreement; provided, however, that such right to visit shall not entitle Disclosing Party to have access to any area that contains confidential information of Recipient or any third party (other than Disclosing Party).

3.2     All Confidential Information provided to, received by, retained, made or compiled by Recipient shall remain the property of Disclosing Party or such Disclosing Party Acquaintance(s), and such disclosure of the Confidential Information to Recipient does not grant any express or implied right, license, permission or agreement to Recipient. Upon Recipient's termination of Recipient's services, or at any time upon Disclosing Party's request, Recipient shall return or destroy, at Disclosing Party's option, all originals, copies, reproductions and summaries of the Confidential Information, and if Disclosing Party so requests, Recipient shall certify that it has returned or destroyed all such Confidential Information.

3.3     Recipient acknowledges that monetary damages may not be a sufficient remedy for unauthorized disclosure of Confidential Information and that Disclosing Party shall be entitled, without waiving any other rights or remedies, to seek such injunctive or equitable relief as may be deemed

proper by a court of competent jurisdiction.

3.4     Since it would be difficult or impracticable to compute the actual damages to Disclosing Party from a breach by Recipient of any of Recipient's representations, warranties or obligations under this Agreement, and on the basis of their mutual efforts to ascertain actual damages, the parties have agreed that Disclosing Party shall be paid, the total sum of One Million Dollars ($1,000,000.00) by Recipient as liquidated damages for any such breach by Recipient, and the parties have agreed that such determination is fair and reasonable under all of the circumstances existing at the time this Agreement is being executed and that the foregoing liquidated damages are not intended to be, and are not, punitive or exemplary damages.  The liquidated damages provided for hereunder shall not be deemed an "adequate remedy" precluding equitable relief and the right to such liquidated damages.  Without limiting the foregoing, in the event there is a breach of Recipient's obligations hereunder, Disclosing Party shall have the right to enforce the liquidated damages provision as monetary damages, seek an injunction or both remedies in their complete discretion.

4.      Limitation of Warranty and Liability.

Although Disclosing Party will endeavor to include in the Confidential Information that information known and believed by Disclosing Party to be relevant to the discussions for the Intended Purpose, Recipient acknowledges that neither Disclosing Party nor any of its representatives makes any representation or warranty as to the accuracy or completeness of the Confidential Information disclosed. Recipient agrees that neither Disclosing Party nor its representatives shall have any liability to Recipient resulting from or arising in connection with the discussions for the Intended Purpose.

5.      General Provisions.

5.1     This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, excluding conflict of law provisions.

5.2     The parties agree that the exclusive venue for any and all controversies or claims arising out of, in connection with, or relating to this Agreement, or a breach hereof, shall be in the Federal and state courts located in Fulton County, Georgia.  Each of the parties hereto expressly agrees that such courts shall have exclusive subject matter jurisdiction and personal jurisdiction over such party, and hereby unconditionally and irrevocably consents to the exercise of such subject matter and personal jurisdiction.  The parties, and each of them, unconditionally and irrevocably waive any right they may have to assert the doctrine of "forum non conveniens" or to object to venue to the extent that any proceeding is conducted in accordance with this provision.  In the event that any legal, equitable or other action is brought by a party to enforce its rights hereunder, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees, costs and other expenses from the other party.

5.3     Any portion or provision of this Agreement which is deemed to be invalid, illegal or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective only to the extent of such invalidity, illegality or unenforceability, without affecting in any way the remaining portions or provisions hereof in such jurisdiction.

5.4     Each party agrees to promptly execute and deliver such documents and instruments and to promptly do such other acts as are reasonably requested by the other party and are in the reasonable judgment of the other party necessary or appropriate to effectuate the purposes of this Agreement, including without limitation, executing and delivering documents and/or instruments which may be recorded or filed and cooperating in effecting such recordation or filing.

      5.5      This Agreement shall be effective as of the date of full execution of this agreement. This Agreement shall constitute the full and binding agreement of the parties with respect to the subject matter hereof, and supersedes any prior or contemporaneous agreements or understandings with respect thereto. This Agreement may not be amended or modified and no waiver hereunder shall be valid unless authorized in writing and signed by both parties. Amendments of individual obligations of this Agreement shall not affect the other obligations.

      5.6      The parties acknowledge and agree that each party is acting independently from the other, and nothing in this Agreement shall be deemed to make either party the agent of the other, or create a partnership or joint venture between the parties.

      5.7      This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, and all of the rights and obligations created by this Agreement shall survive any change and/or termination of the parties' business relationship.

      5.8      The parties hereto are sophisticated and have been represented by lawyers, or have had the opportunity to be represented by a lawyer, who have carefully negotiated the provisions hereof.  As a consequence, the parties do not believe the laws or rules relating to the interpretation of contracts against the drafter of any particular clause should be applied in this case and, therefore, waive its effect.

      5.9      This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and a facsimile copy of a signature shall have the same force and effect as an original signature.

      **IN WITNESS WHEREOF,** the parties hereto agree to be bound by the terms and conditions set forth herein and have caused this Agreement to be executed by their duly authorized representatives.

**RECIPIENT**

By: _____
    (Signature)
Name: _____
Its: Authorized Representative

Date: _____