IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TODD CHRISLEY (A/K/A MICHAEL TODD CHRISLEY) AND JULIE CHRISLEY | Criminal Action No.<br><br>1:19-CR-297-ELR-JSA |

## Government's Motion for Order of Forfeiture

The United States of America, by Ryan K. Buchanan, United States Attorney, and Thomas J. Krepp and Annalise K. Peters, Assistant United States Attorneys for the Northern District of Georgia, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 32.2(b), for an order of forfeiture against the defendants, Todd Chrisley and Julie Chrisley, following a jury verdict of guilty. A proposed order of forfeiture is filed concurrently herewith. In support, the government shows the Court the following:

### I. Background

In 2019, defendants Todd Chrisley, Julie Chrisley, and Peter Tarantino were indicted by a federal grand jury for a variety of crimes. (Doc. 1). The grand jury returned a superseding indictment in February 2022. (Doc. 130). The defendants were convicted of all charges. As is relevant to this motion, the Chrisleys were convicted of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and five counts of bank fraud, in violation of 18 U.S.C. § 1344. The superseding indictment contained a forfeiture provision notifying the defendants

1

that, upon conviction of the bank fraud conspiracy and bank fraud offenses, they "shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations." (Doc. 130, ¶ 65). Sentencing is set for November 21, 2022.

## II.  Argument

**A. Forfeiture is Mandatory After a Conviction for Bank Fraud.**

Rule 32.2(b) of the Federal Rules of Criminal Procedure requires a court to enter a preliminary order of forfeiture against a criminal defendant, after a verdict of guilty, once the court determines "property is subject to forfeiture under the applicable statute":

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense . . . .

Fed. R. Crim. P. 32.2(b)(1)(A). *See also United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v. Brummer*, 598 F.3d 1248, 1250 (11th Cir. 2020) (rejecting the defendant's contention that district court had discretion to decline to order forfeiture); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) ("order of forfeiture is a required element of sentencing"); *United States v. Johnson*, 199 F.3d 1015, 1022 (9th Cir. 1999)

2

(criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes); *United States v. Maxwell*, 189 F. Supp. 2d 395, 399 n.2 (E.D. Va. 2002) (because criminal forfeiture is mandatory, the primary issue before the court is not whether to issue a forfeiture order, but its size and scope); *United States v. Poulin*, 690 F. Supp. 2d 415, 420 (E.D. Va. 2010) ("The plain language of the statute provides that such forfeiture is mandatory.") (citing with approval *United States v. Patel*, No. 06-60006, 2009 WL 1579526, at *20 (W.D. La. June 3, 2009)) ("The mandatory language of this statute leaves the Court absolutely no discretion in imposing this portion of the sentence.").

The government must prove forfeiture by a preponderance of the evidence. *United States v. Hasson*, 333 F.3d 1264, 1277-1278 (11th Cir. 2003). A court may base its determination on whether property identified for forfeiture is subject to forfeiture on "evidence already in the record," and "any additional record or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim P. 32.2(b)(1)(B).

Here, the applicable statutes mandate forfeiture. Specifically, Todd and Julie Chrisley were found guilty of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and bank fraud in violation of 18 U.S.C. § 1344. 18 U.S.C. § 982(a)(2)(A) states that "the court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate . . . section 1344 of this title, affecting a financial institution . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." Thus, the Chrisleys' convictions for

conspiracy to commit bank fraud and bank fraud authorize forfeiture of proceeds for those offenses.

### B. The Court should impose a money judgment in the amount of $17,270,741.57.

It is well established that the government is entitled to a personal forfeiture money judgment, in addition to any other property that may be subject to forfeiture. *See United States v. Nagin*, 810 F.3d 348, 352-53 (5th Cir. 2016) (holding that money judgments are considered "property" subject to forfeiture) (citing *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (". . . it is equally clear that the federal rules explicitly contemplate the entry of money judgments in criminal forfeiture cases"). "If the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim P. Rule 32.2(b)(1)(A).

Here, the United States seeks a personal forfeiture money judgment against Todd and Julie Chrisley in the amount of $17,270,741.57. As discussed in the United States' Sentencing Memorandum, evidence at trial and that will be presented at sentencing shows that this amount represents the net proceeds of the offense. (*See* Sent. Ex. 3 at 2). Because $17,270,741.57 represents the amount that the Chrisleys obtained as a result of the offenses that they were convicted of, and those offenses are subject to forfeiture, a personal forfeiture money judgment for this amount is mandatory.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court order a personal forfeiture money judgment against defendants Todd Chrisley and Julie Chrisley in the amount of $17,270,741.57.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/THOMAS J. KREPP
*Assistant United States Attorney*
Georgia Bar No. 346781
thomas.krepp@usdoj.gov

/s/ANNALISE K. PETERS
*Assistant United States Attorney*
Georgia Bar No. 550845
annalise.peters@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Counsel for Todd Chrisley
> Counsel for Julie Chrisley
> Counsel for Peter Tarantino

November 14, 2022

> /s/ THOMAS J. KREPP
>
> THOMAS J. KREPP