



J. Alex Little

September 23, 2022

The Honorable Thomas J. Krepp
The Honorable Annalise K. Peters
U.S. Department of Justice
Office of the U.S. Attorney

**VIA EMAIL AND U.S. MAIL**



Re:  *United States v. Todd Chrisley and Julie Chrisley*
     Request for Discovery, Including *Brady* & *Giglio* Information

Dear Counsel:

    I write on behalf of Todd and Julie Chrisley to request notice of discoverable information known by, or in the possession of, the prosecution team of the United States. This request includes all information covered by the holdings in *Brady*, *Giglio*, *Bagley*, and their progeny, as well as any information you are required to disclose pursuant to the Justice Manual § 9-5.001, the Ogden Memo of January 2010, and Rule 16 of the Federal Rules of Criminal Procedure.

    To be clear, this letter requests information that you discovered before or during the trial, as well as information discovered <u>after</u> trial, as your disclosure obligations continue through post-conviction proceedings. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427 n. 25 (1976) ("[A]fter a conviction is obtained, the prosecutor also is bound by the ethics of his office to inform the appropriate authority of after-acquired or other information that casts doubt upon the correctness of the conviction."); *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997) ("[T]he duty to disclose is ongoing and extends to all stages of the judicial process.").

    Specifically, pursuant to those cases, rules, and mandatory policies of the Department of Justice, please provide the following information, as soon as possible:

1. Any information tending to cast doubt on any trial witness's credibility. This includes, but is not limited to:

a. Inconsistent statements made by any trial witness, including any discrepancies between two or more statements of the same individual, whether that discrepancy is an omission, addition, or other alteration. This request includes any statements by Betty Carter about tax payments made by Todd or Julie Chrisley, and any documents that case doubt on Betty Carter's testimony.

b. Any information tending to indicate bias or hostility on the part of a civilian or law enforcement witness.

c. With respect to number 1(b) above, this request specifically includes any information tending to suggest that any witness disparaged either of the Chrisleys or expressed anger at either one of them for the witness's legal predicament.

d. With respect to number 1(b), <u>we specifically request that you act immediately to preserve the emails and text messages between the agents and prosecutors involved in this case and all witnesses</u>, including Betty Carter, as these materials likely contain information material to the defense by demonstrating bias and may include Jencks Act statements.

e. Any rewards or promises, formal or informal, made to any potential witness including, but not limited to, threats of prosecution or promises not to prosecute, as well as monetary benefits or pecuniary threats. This specifically includes, but is not limited to, drafts of all plea agreements (whether executed or proposed) that the government conveyed to any trial witness in this case.

2. Any and all statements made by a witness (or co-defendant) at any time that are favorable to either of the defendants or cast doubt on the government's theory of prosecution. This includes, but is not limited to, any statements by Betty Carter or anyone at the IRS related to tax payments made by Todd or Julie Chrisley or taxes allegedly owed by the couple.

3. Any and all information about the existence of witnesses that are favorable to either of the defendants or cast doubt on the government's theory of prosecution. This includes any witnesses within the IRS who would contradict Betty Carter or provide information that undermines her testimony. This also includes all witnesses on the prosecution team who have made statements, or whose information is detailed in documents, that tends to suggest that any aspect of the government's investigation came about as a result of, or in response to, the illegal search of the warehouse at issue in this case.

4. Unredacted copies of all relevant FDIC agreements in which any entity acquired any of the loans for which the government contends either restitution and/or forfeiture is due and, to the extent the relevant loans were sold as part of a larger group of loans, any document reflecting the value of those loans along with the value received by FDIC when the loan was taken from a failed bank and sold to another bank or entity.

5. Any and all loan settlement documents related to the Defendants in the government's possession which were not previously disclosed to the defense in this case. This request covers loans that may or may not be included in the government's restitution and forfeiture calculations and those that have not been included, for example RBC Bank and Gulf South Private Bank.

6. Any and all information in the government's possession indicating that loan proceeds were utilized to pay prior loans taken out by Todd Chrisley. To the extend such payments were made, we request any information that tends to show how Julie Chrisley obtained funds that were used to pay prior loans to Todd Chrisley. *See, e.g.*, PSR paragraph 69.

7. Any and all information or document that quantifies how much money Mr. Braddock took from the Todd Chrisley as part of his embezzlement as set out in paragraph 29 of the PSR.

8. Any and all loan documents reflecting unsecured loans that have not been previously disclosed by the government as part of the discovery in this case to include all unsecured loans that were fully paid by the defendants.

9. Any and all information reflecting the amount of proceeds received or "bid in at foreclosure" by any bank or other entity upon foreclosure of any property in this case.

Because of the post-conviction posture and scheduling order in this case, this is a time-sensitive request. As a result, it is imperative that we have access to all exculpatory evidence as soon as possible, and I appreciate your assistance in providing this information promptly. Further, please note that this is a standing request; the defendants ask that you provide any new information you may later receive that falls into any of the categories described above, through the conclusion of the case.

Finally, if your understanding of the applicable rules relating to exculpatory information is different than ours, and you do not intend to provide notice of the information requested above, please let me know as soon as possible, so that I can take other steps, if appropriate.

Thank you in advance for your assistance.

Sincerely,

J. ALEX LITTLE
Counsel for Todd and Julie Chrisley