# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| TODD CHRISLEY, ) | Criminal Action No. |
| JULIE CHRISLEY, and ) | 1:19-cr-00297-ELR-JSA |
| PETER TARANTINO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS TODD AND JULIE CHRISLEY'S SUPPLEMENT MOTION TO SEAL COURTROOM AND PERMIT ZOOM TESTIMONY

On November 17, 2022, Defendants Todd and Julie Chrisley (hereinafter, Defendants) filed their Notice of Witnesses for November 21–22, 2022 Hearing and Motion to Seal Courtroom and Permit Zoom Testimony (Doc. 313). Defendants hereby supplement their Motion to Seal Courtroom and Permit Zoom Testimony (the "Motion") concerning their request that the courtroom be sealed during the testimony of Grayson Chrisley and Chloe Chrisley.

The Motion relied on 18 U.S.C. § 3509(e) as support for the Court's authority to seal the courtroom during Grayson Chrisley and Chloe Chrisley's testimony. Upon further review of the statute, Defendants acknowledge 18 U.S.C. § 3509(e) does not apply in this circumstance, as neither Grayson Chrisley nor Chloe Chrisley

are victims of crimes of abuse or "a witness to a crime committed against another person." *See* 18 U.S.C. § 3509(a)(2).

However, even though 18 U.S.C. § 3509(e) does not apply, this Court retains authority to seal the proceedings in the interest of protecting Grayson Chrisley and Chloe Chrisley from significant psychological harm and ensure their ability to testify effectively and honestly. First, to the extent the Government opposes Defendants' request, the Government does not have standing to oppose a request to seal criminal proceedings—that right belongs to Defendants and members of the public and press. *See Waller v. Georgia*, 467 U.S. 39, 44–45 (1984) (discussing the accused's Sixth Amendment right "to insist upon a public trial" and the First Amendment right of access held by "the press and public"). Accordingly, the Government has no interest in whether the courtroom is open for this testimony or not.

Second, it is well established the accused's and public's rights to an open courtroom "give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting the disclosure of sensitive information." *United States v. Thompson*, 713 F.3d 388, 394–95 (8th Cir. 2013) (quoting *Waller*, 467 U.S. at 45). Here, the overriding interest is protecting a 16 year old and a 10 year old from the psychological trauma of testifying to the public at large. As noted in the Motion, Grayson Chrisley and Chloe Chrisley

are expected to testify concerning highly confidential matters. Subjecting these children to testifying about these matters in open court would cause needless emotional and psychological strain and likely inhibit their ability to testify fully and truthfully, particularly given the significant amount of press coverage of Defendants' case and the nature of these proceedings. *See generally Maryland v. Craig*, 497 U.S. 836, 857 (1990) (emphasis in original) (noting there is evidence that face-to-face confrontation "would in fact *disserve* the Confrontation Clause's truth-seeking goal"). The limited closure of the courtroom during the testimony of these two minor witnesses is the least burdensome method of protecting them from exposure to trauma and ensuring the fulsomeness and accuracy of their testimony.

For the reasons stated above and in the Motion, and given the significant risks inherent in requiring Grayson Chrisley and Chloe Chrisley to testify in open court, Defendants request the Court grant the Motion to Seal Courtroom and Permit Zoom Testimony.

Respectfully submitted this 18th day of November, 2022.

>  */s/ Christopher S. Anulewicz*
> Christopher S. Anulewicz
> Georgia Bar No. 020914
> canulewicz@balch.com
> BALCH & BINGHAM LLP
> 30 Ivan Allen, Jr. Boulevard, N.W.
> Suite 700
> Atlanta, Georgia 30308

Telephone: (404) 261-6020
Facsimile: (404) 261-3656
*Attorney for Todd and Julie Chrisley*

J. Alex Little (TN BPR #29858)
*Pro Hac Vice*
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000,
Nashville, TN 37201
Telephone: 615-724-3203
Facsimile: 615-724-3303
E-mail: alex.little@burr.com

Bruce H. Morris
Georgia Bar No. 523575
bmorris@fmattorneys.com
FINESTONE, MORRIS & WHITE, LLP
Suite 2540 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone:  (404) 262-2500
*Attorney for Todd Chrisley*

Stephen M. Friedberg
Georgia Bar No. 277350
steve@smflawdawg.com
Suite 2250, Resurgens Plaza
945 East Paces Ferry Road, N.E.
Atlanta, Georgia 30326
Telephone:  (404) 842-7243
*Attorney for Julie Chrisley*

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 18th day of November, 2022.

>*/s/ Christopher S. Anulewicz*
>Christopher S. Anulewicz
>Georgia Bar No. 020914

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November, 2022, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

>   */s/ Christopher S. Anulewicz*
>   Christopher S. Anulewicz
>   Georgia Bar No. 020914