FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 11 2024

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:19-CR-297-ELR |
| | : | |
| TODD CHRISLEY, JULIE CHRISLEY, ET AL. | : | |
| Defendants, | : | |
| And | : | |
| | : | |
| BURR & FORMAN LLP, | : | |
| | : | |
| Garnishee. | : | |

**CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT AND INSTRUCTIONS TO DEFENDANT-JUDGMENT DEBTORS**

You are hereby notified that this Writ of Garnishment is being taken by the United States of America which has a judgment in Criminal Action Number 1:19-CR-297-ELR, United States District Court, Northern District of Georgia, in the sum of $17,271,741.57. As of January 11, 2024, the judgment balance of $17,208,491.82 remains outstanding.

You are hereby notified that certain properties, to wit: Remaining Settlement Proceeds arising from settlement of Civil Action No. 1:19-CV-04610-

LMM in the amount of $981,313.00 are being taken by the United States which has a court judgment in a criminal case, Criminal Action No. 1:19-CR-297-02-ELR, the United District Court, Northern District of Georgia, in the sum of $17,271,741.57.

In addition, you are hereby notified that there are exemptions under the law which may apply if you, the judgment debtors, can demonstrate to the Court that they apply. The attached Notice to Judgment Debtors Regarding Exemptions and Exemption Claim Form summarize the major exemptions.

You have a right to ask the Court to return Remaining Settlement Proceeds to you if you think you do not owe the money, or that an exemption applies.

If you want a hearing, you must file your objection[s] within twenty (20) days of receipt of the Writ or within twenty (20) days of receipt of the answer of the garnishee. You must file your objection[s] with the Clerk of Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:19-CR-297-ELR. You must also send a copy of your objection[s] and Request for Hearing to Ryan K. Buchanan, United States Attorney, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, Attn: Vivieon K. Jones, Financial Litigation Program.

If you wish, you may use the Request for Hearing Form and the Exemption Claim Form and follow the instructions contained in the Notice to Judgment Debtor Regarding Exemptions. The hearing will take place when scheduled by the Court in accordance with 28 U.S.C. § 3205(c)(5).

You should explain to the judge why you believe that the taken property is exempt or why you think you do not owe a debt to the United States; however, please note that the issues to be decided in this action will be limited: (1) to the validity of any claim for exemption; (2) to compliance with any statutory requirements for the issuance of the Writ; and (3) only if the judgment is by default and only to the extent that the Constitution or any other law of the United States provides a right to review, to: (a) the probable validity of the claim for the judgment debt; and (b) the existence of good cause for setting aside such judgment. The burden is on you to prove the grounds in support of your objection[s] and right to a hearing.

If you live outside the federal judicial district from which the Writ issued, you may request, not later than twenty (20) days after you receive this notice, that this proceeding be transferred by the Court to the federal judicial district in which you reside. You must make your request in writing and deliver it to the Clerk of

the Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:19-CR-297. You must also send a copy of your request to Ryan K. Buchanan, United States Attorney, Attn: Vivieon K. Jones, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

Be sure to keep a copy of this packet for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer or an office of public legal assistance. The Clerk is not permitted to give legal advice but may be able to refer you to other sources of information.

Date: 1/11/24

KEVIN P. WEIMER
CLERK OF COURT
NORTHERN DISTRICT OF GEORGIA
By ____________________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:19-CR-297-ELR |
| | : | |
| TODD CHRISLEY, JULIE CHRISLEY, ET AL. | : | |
| Defendants, | : | |
| and | : | |
| BURR & FORMAN LLP, | : | |
| | : | |
| Garnishee. | : | |

**REQUEST FOR HEARING**

☐ I hereby request a court hearing. Notice of the hearing should be mailed to me at the following address:______________________________________________

_______________________________________________________________________

_______________________________.

My claim for exemption, objection and/or other reason[s] for seeking a hearing are the following:_________________________________________________________

_______________________________________________________________________

____________________________________________________________________.

Date:____________

_____________________________________
Signature of Judgment Debtor/Defendant

_____________________________________
Print Name

_____________________________________
Address

__________________________
Telephone No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:19-CR-297-ELR |
| | : | |
| TODD CHRISLEY, JULIE CHRISLEY, ET AL. | : | |
| Defendants, | : | |
| And | : | |
| | : | |
| BURR & FORMAN LLP, | : | |
| | : | |
| Garnishee. | : | |

**NOTICE TO JUDGMENT DEBTORS**
**REGARDING EXEMPTIONS**

The attached pre-judgment or post-judgment process has been issued at the request of the United States Attorney.

The law provides that certain property is exempt and cannot be taken. Such property is said to be "exempted". This Notice lists the applicable exemptions. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (1) fill out the Request for Hearing Form; (2) complete the Exemption Claim Form; and (3) deliver the forms to the Clerk of the United States District Court for the Northern District of Georgia at

2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:19-CR-297-ELR and to Ryan K. Buchanan, United States Attorney, Attn: Vivieon K. Jones, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

If you request a hearing, you should come to court ready to explain why your property is exempt, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

It may be helpful to you to seek the advice of an attorney in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:19-CR-297-ELR |
| | : | |
| TODD CHRISLEY, JULIE CHRISLEY, ET AL. | : | |
| Defendants, | : | |
| And | : | |
| | : | |
| BURR & FORMAN LLP, | : | |
| | : | |
| Garnishee. | : | |

TO: **Burr & Forman LLP**
ATTN: Joseph A. Little, IV – N. TN
Eddie Travis Ramey – B. AL
222 Second Avenue South, Suite 2000
Nashville, TN 37201

## INSTRUCTIONS TO GARNISHEE

**PLEASE READ THESE INSTRUCTIONS CAREFULLY. THIS GARNISHMENT IS ISSUED PURSUANT TO FEDERAL LAW AND MAY BE DIFFERENT FROM STATE GARNISHMENTS.**

Attached is a Writ of Garnishment instructing you to provide the following information, in writing, under oath, within ten (10) days of receipt of the Writ:

(1) Whether you have in your custody, control or possession, property in which the Defendants have a legal or beneficial interest, specifically to funds paid by the Georgia Department of Administrative Services arising from settlement of Civil Action No. 1:19-CV-04610-LMM in the amount of $981,313.00.[2]

(2) You are further required to withhold and retain any property in which the Defendants have a substantial non-exempt interest. A list of exemptions which are not subject to the Writ of Garnishment, entitled "Claim for Exemption Form," is attached to the Writ.

(3) A description of any previous garnishment to which such property is subject and the extent to which of any property is not exempt.

You are required by law to file an Answer to the Writ within ten (10) days of your receipt of the Writ with the Clerk of the United States District Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:19-CR-297-ELR. You may complete the attached form entitled "ANSWER OF THE GARNISHEE FORM" and use it as your written answer to the Writ.

---

[2] Remaining Settlement Proceeds as defined in the Application for Writ of Garnishment

You must also serve a copy of the answer on the Defendants, Todd Chrisley and Julie Chrisley, respectively at Todd Chrisley 72600-019, FPC Pensacola, Federal Prison Camp, 110 Raby Ave, Pensacola, FL 362509; Julie Chrisley 72601-019, FMC Lexington, 3301 Leestown Road, Lexington, KY 40511, on Savannah Chrisley, Power of Attorney for Defendants, 806 Lynnwood Blvd, Nashville, TN 367205 and on Ryan K. Buchanan, United States Attorney, Attn: Vivieon K. Jones, Financial Litigation Program, 600 United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

**IF YOU FAIL TO ANSWER THIS WRIT OR TO WITHHOLD PROPERTY IN ACCORDANCE WITH THE WRIT, THE COURT MAY MAKE YOU LIABLE FOR THAT AMOUNT OF THE DEFENDANT'S' NON-EXEMPT PROPERTY WHICH YOU FAILED TO WITHHOLD. ADDITIONALLY, YOU MAY BE HELD LIABLE FOR A REASONABLE ATTORNEY'S FEE TO THE UNITED STATES AMERICA IF THE UNITED STATES FILES A PETITION TO THE COURT REQUESTING AN EXPLANATION FOR YOUR FAILURE TO COMPLY WITH THIS WRIT.**

If you have any additional questions, please call the Financial Litigation Program in the U.S. Attorney's Office at (404) 581-6350.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:19-CR-297-ELR |
| | : | |
| TODD CHRISLEY, JULIE CHRISLEY, ET AL. | : | |
| Defendants, | : | |
| And | : | |
| | : | |
| BURR & FORMAN LLP, | : | |
| | : | |
| Garnishee. | : | |

**ANSWER OF THE GARNISHEE**

I, ____________________________ (Declarant), as the ________________ (Title of Declarant) of Garnishee, _____________________________ (Garnishee's official name).

**BEING DULY SWORN DEPOSE AND SAY:**

1. Choose one as applicable:

☐ **GARNISHEE IS AN INDIVIDUAL**

Garnishee is or was doing business in name of __________________________ ____________. The Garnishee is or was doing business under a DBA and the name of DBA is______________________. The official address where mail should be sent is:______________________.

☐ **GARNISHEE IS A PARTNERSHIP OR TRUST:**

The names of the partners in the partnership, or members of the trust are ______________________. Declarant is the ____________ (Title) of a partnership or trust known as ____________________ which is registered in the State of __________. The official title of the person completing this Answer is ______________. The mailing address for the person or authorized agent for this partnership or trust is:______________________________.

☐ **GARNISHEE IS A GOVERNMENTAL ENTITY.**

The official title of the Declarant completing this answer is ____________________ (title of declarant). The Garnishee is an __________(Agency, Department, etc.) of the ________________ (official name of government entity) with a principal office located at ____________________.

☐ **GARNISHEE IS A CORPORATION.**

1. Declarant is the ____________________ (title of declarant) of the __________________ (corporation name), which is organized under the laws of the State of __________________.

2. The Garnishee may be contacted through the following individual, at the following telephone number(s), and with the following identifying information:

_______________________________________________________________

_______________________________________________________________

_______________________________________________________________

3. On the ______ day of __________, 20____, Garnishee was served with the Writ of Garnishment.

4. Garnishee has custody, control or possession of the following property owned by the Defendants, including the following: Remaining Settlement Proceeds[3] any and all funds, checking accounts, savings accounts, retirement accounts (IRA and 401k), and/or investment accounts, any safety deposit boxes which are held in Defendant's' name or over which Defendants hold signature authority:

4a. Description of Property Interest: ________________________

4b. Approximate Value: ________________________________

4c. Estimation of Defendant's Interest in Property:

[3] Remaining Settlement Proceeds as defined in the Application for Writ of Garnishment

______________________________________________________________________

5. Garnishee has custody, control or possession of the following other property or funds (non-earnings), in which the Defendants maintains an interest, as described below:

5a. Description of Property Interest: ____________________________

5b. Approximate Value: ____________________________________________

5c. Estimation of Defendant's Interest in Property:

______________________________________________________________________

(Complete items 6-7 below if applicable)

6. Garnishee makes the following objections, defenses, or set-offs to the United States' right to the Defendant's property:

______________________________________________________________________

______________________________________________________________________

7. Garnishee was not and is not indebted or under liability to the Defendants, and Garnishee did not or does not have possession or control of any property belonging to the Defendants, or in which the Defendants has an interest; and is not liable as Garnishee in the action for the following reason(s):

______________________________________________________________________

______________________________________________________________________

Garnishee delivered or mailed an Answer by first class mail to the Clerk of the United States District Court for the Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and referenced Criminal Action No.1:19-CR-297-ELR. Garnishee delivered or mailed a copy of the Answer by first-class mail to the Defendant, Todd Chrisley 72600-019, FPC Pensacola, Federal Prison Camp, 110 Raby Ave, Pensacola, FL 362509; Julie Chrisley 72601-019, FMC Lexington, 3301 Leestown Road, Lexington, KY 40511, on Savannah Chrisley, Power of Attorney for Defendants, 806 Lynnwood Blvd, Nashville, TN 367205. Garnishee delivered or mailed a copy of the Answer by first class mail to Ryan K. Buchanan, United States Attorney, Attn: Vivieon K. Jones, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

Dated this _______ day of ______________, 20__.

_________________________________
Representative of Garnishee

_________________________________
Printed Name

_________________________________
Title

_________________________________
Address of Garnishee

_________________________________
Telephone Number of Garnishee

Subscribed to and sworn before me this ________ day of ______________,

2024.

Notary Public(Seal)

My Commission expires:

## GARNISHMENT COMPUTATION INSTRUCTIONS

This wage garnishment directs the withholding of up to 25 percent of the Defendant's disposable income. In certain cases, however federal law does not permit the withholding of that much of the debtor's disposable income. Please refer to 15 U.S.C. § 1671 et seq.

**I. Limitations on the amount that can be withheld**

A. If Defendant's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25 per hour), or $217.50, no deduction can be made under this wage garnishment.

B. If deductions are being made from a debtor's gross income under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed 25 percent of the Defendant's disposable earnings, no deductions can be made under this wage garnishment.

C. If deductions are being made from a debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than 25 percent of the Defendant's disposable earnings, deductions may be made under the wage garnishment. However, the amount arrived at by adding the deductions made under this execution to the deductions made under any orders for alimony, support or

maintenance of family members or former spouses cannot exceed 25 percent of the Defendant's disposable earnings.

NOTE: Nothing in this wage garnishment limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

**II. Explanation of Limitations -Definitions**

**Disposable Earnings** - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, savings accounts, etc.)

**Gross Income** - Gross income is salary, earnings, wages or other income including any and all overtime earnings, commissions and income trusts, before any deductions are made from such income.

## ATTACHMENT TO ANSWER OF GARNISHEE

The Original Answer (and checks or money order **upon entry of the Court's Final Disposition Order**) must be mailed to:

Clerk of the United States District Court
2211 U.S. Courthouse,
75 Ted Turner Drive,
Atlanta, Georgia 30303

A copy of the Answer must also be delivered to:

United States Attorney's Office
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Attn: Vivieon K. Jones, Financial Litigation Program

A copy of the Answer must be sent to the Defendants:

Todd Chrisley 72600-019,
FPC Pensacola
Federal Prison Camp
110 Raby Ave,
Pensacola, FL 362509;

Julie Chrisley 72601-019
FMC Lexington
3301 Leestown Road
Lexington, KY 40511

Savannah Chrisley, in her capacity as Power of Attorney for Defendants
806 Lynnwood Blvd
Nashville, TN 367205

**CLAIM FOR EXEMPTION FORM**
**EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)**

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____ 1. Wearing apparel and schoolbooks.--Such items of wearing apparel and such schoolbooks as are necessary for the debtor or for members of his family.

_____ 2. Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$11,390** in value.

_____ 3. Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$5,700** in value.

_____ 4. Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____ 5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

_____ 6. Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired, or retainer pay under Chapter 73 of Title 10 of United States Code.

_____ 7. Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____ 8. Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____ 9. Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under-(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35,37, or 39 of such Title 38.

_____ 10. Assistance under Job Training Partnership Act.
--Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____ 11. Minimum exemptions for wages, salary and other income. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

The statements made in this claim of exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

_____ I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

(______________________________) or telephonically at (______________)
Address Phone No.

______________________________
Debtor's printed or typed name

______________________________
Signature of debtor Date